1  ROGERS JOSEPH O'DONNELL
   ROBERT C. GOODMAN (SBN 111554)
2  ANN M. BLESSING (SBN 172573)
   D. KEVIN SHIPP (SBN 245947)
3  311 California Street
   San Francisco, California 94104
4  Telephone:   415.956.2828
   Facsimile:   415.956.6457
5  E-mail:  rgoodman@rjo.com; ablessing@rjo.com; kshipp@rjo.com

6  Attorneys for Defendants
   CHARLES FREDERICK HARTZ dba PAUL'S
7  SPARKLE CLEANERS and CHARLES F. HARTZ

8

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  PALMTREE ACQUISITION CORPORATION, a Delaware corporation, | Case No. CV 08 3168 MHP |
| 12                                           Plaintiff, | **STIPULATION AND [PROPOSED] ORDER RE ANSWERS TO FIRST AMENDED COMPLAINT** |
| 13          vs. | |
| 14  MICHAEL R. NEELY, an individual; PERRY J. NEELY, an individual; GARY NEELY, an individual; MICHAEL R. NEELY, PERRY J. NEELY and GARY NEELY dba MIKE'S ONE HOUR CLEANERS; CHARLES FREDERICK HARTZ dba PAUL'S SPARKLE CLEANERS; CHARLES F. HARTZ, an individual; MULTIMATIC CORPORATION, a New Jersey corporation; WESTERN STATES DESIGN, a California corporation; MCCORDUCK PROPERTIES LIVERMORE, LLC, a Delaware limited liability company individually and as the successor to JOHN MCCORDUCK, KATHLEEN MCCORDUCK, PAMELA MCCORDUCK, SANDRA MCCORDUCK MARONA, and IMA FINANCIAL CORPORATION, a California corporation; STARK INVESTMENT COMPANY, a California general partnership; GRUBB & ELLIS REALTY INCOME TRUST, LIQUIDATING TRUST, a California trust; Northrop Grumman Systems Corporation, a Delaware corporation, and DOES 1-20, inclusive,<br><br>                                           Defendants.<br><br>AND RELATED ACTIONS | |

Page 1

# RECITALS

A. Plaintiff Palmtree Acquisition Corporation filed this action ("Action") as a "reopener" of a prior action that was conditionally settled, which prior action was filed on February 3, 1993 in the United States District Court for the Northern District of California, entitled *Grubb & Ellis Realty Trust v. Catellus Development Corp., et al.,* and related cross-actions, Case No. C93-0383 SBA ("Prior Action").

B. In the course of litigating the Prior Action, the parties to the Prior Action engaged in discovery relating to the factual background, ownership and operations of certain of the parties to the Prior Action and their conduct which may have resulted in the PCE contamination.

C. On February 7, 1994, the parties to the Prior Action entered into a settlement agreement ("1994 Settlement"). On February 17, 1994, this Court entered an order approving the settlement agreement and dismissing the Prior Action.

D. Pursuant to the 1994 Settlement, the parties agreed that the release amongst each other would not extend to:

> …any claims, causes of action, obligations, damages, expenses or liabilities resulting from (1) claims or cross-claims arising from actions brought by third parties after the date of this agreement relating to PCE [perchloroethylene] contamination at the properties, or (2) actions by governmental agencies requiring cleanup of PCE contamination or seeking recovery of governmental response costs for the cleanup of PCE contamination: (a) of the deeper aquifer as defined in Paragraph 5 of SCO [Site Cleanup Order], or (b) in the form of DNAPLs, defined as PCE found in pore-water concentrations which exceed their effective soluabilities as measured using the residual DNAPL detection method of Feenstra, Mackay, and Cherry (1991). The limitations expressed in the preceding sentence on the release contained in this paragraph are referred to as "the Paragraph 9 reopeners".

E. On March 17, 2008, and March 21, 2008, the California Regional Water

Quality Control Board ("RWQCB"), a governmental agency, sent letters to certain of the defendants and the plaintiff, and/or their predecessors, requiring the further investigation and monitoring of PCE contamination which potentially impacted the deeper aquifer that may be in the form of DNAPLs, thereby triggering the "Paragraph 9 reopeners" ("RWQCB Directives"). As a result of the RWQCB Directives, certain parties to the prior 1994 Settlement, made a demand upon other parties asserting that the Paragraph 9 reopener applied and demanding that they respond to the RWQCB Directives.

F. On July 1, 2008, plaintiff Palmtree Acquisition Corporation, the successor to one of the 1994 Settlement parties, Catellus Development Corporation, filed a Complaint for CERCLA Cost Recovery, Damages and Declaratory Relief, seeking contribution and damages ("the Original Complaint") against certain of other parties to the 1994 Settlement, pursuant to the Paragraph 9 reopener.

G. Defendant The Grubb & Ellis Realty Income Trust, Liquidating Trust ("GERIT") has not appeared, is not represented by counsel, and claims to have dissolved and to no longer exist, and thus is not a party to this stipulation.

H. Third Party Plaintiffs The Kirrberg Corporation and Stark Investment Company have asserted claims against the beneficiaries of the GERIT (Document No. 64). The beneficiaries are alleged to have received improper distributions from the GERIT.

I. On September 15, 2008 Magistrate Judge Edward M. Chen signed a stipulation and order (Document No. 13) providing that, among other things, the defendants were deemed to have denied each and every allegation in the Original Complaint, that defendants were deemed to have filed crossclaims against each other for contribution and indemnity, and deemed to have filed counterclaims for contribution and indemnity against Plaintiff.

J. Subsequent to the filing of the Original Complaint, certain parties agreed to cooperate in jointly retaining an environmental consultant to respond to the RWQCB Directives. The environmental consultant has been engaged with the RWQCB and the parties have made substantial progress towards meeting the demands of the RWQCB.

K. Subsequent to the filing of the Original Complaint, the parties participated in

1  meditation with Timothy Gallagher, Esq., during which the parties engaged in an in depth
2  discussion and investigation relating to the factual background, ownership and operations of
3  the parties and their conduct which may have resulted in the PCE contamination.
4        L.      On July 14, 2010 plaintiff Palmtree Acquisition Corporation filed its First
5  Amended Complaint (the "Current Action" or "FAC"), adding Northrop Grumman Systems
6  Corporation ("Northrop Grumman") as a party.
7        M.      Northrop Grumman and the other parties to this stipulation reached a
8  settlement of their respective claims against one another.  Northrop Grumman was named as
9  a party so that the parties could make a good faith settlement application to the Court.  If the
10  Court finds that the settlement was entered into in good faith, Northrop Grumman will be
11  dismissed as a party.
12        N.      The parties to this Current Action, who were defendants in the Prior Action,
13  filed answers in the Prior Action.
14        O.      The responses and defenses in this Current Action should be substantially
15  similar to those raised by the parties in the Prior Action.
16        P.      The responses and defenses of Northrop Grumman should be substantially
17  similar to those raised by the parties named in the Prior Action.
18        Therefore, in the interest of judicial economy, pursuant to Local Rule 6-1(b) and 7-12,
19  the parties below hereby agree and stipulate as follows:

## STIPULATION

21        1.      Each of the defendants in this Current Action, who have signed this stipulation
22  and proposed order, shall be deemed to have denied each and every allegation in the FAC.
23        2.      Each of the defendants to this Current Action reserves the right to supplement
24  its response to the FAC, and may file an answer and separate crossclaims or counterclaims at
25  a later date, but no later than 60 days following the conclusion of mediation with mediator
26  Timothy Gallagher, currently underway.  Mediation will be concluded at such time as: (a) a
27  settlement is reached, or (b) the mediator issues a letter concluding that a settlement has not
28  been reached and the mediation is concluded.

3. Each of the defendants to this Current Action further reserves the right to file crossclaims against other third parties who are not parties to this Current Action, and the parties reserve any and all rights against such third parties. Each party reserves its right to file crossclaims against parties named in the First Amended Third Party Complaint filed by third party plaintiffs Stark Investment Company and the Kirrberg Corporation. The plaintiff reserves the right to amend the complaint to add or remove allegations, to add new parties or to make any other changes consistent with the Federal Rules of Civil Procedure.

Wherefore, the Parties respectfully request that the Court approve this Stipulation.

Dated:  August 2, 2010                    COX, CASTLE & NICHOLSON LLP

                                          By:    /s/ Peter M. Morrisette
                                                 Stuart I. Block
                                                 Peter M. Morrisette
                                                 Attorneys for Plaintiff
                                                 PALMTREE ACQUISITION
                                                 CORPORATION, a Delaware corporation
                                                 f/k/a Catellus Development Corporation

Dated:  July 30, 2010                     BASSI EDLIN HUIE & BLUM LLP

                                          By:    /s/ Noel Edlin
                                                 Noel Edlin
                                                 Attorneys for Defendants
                                                 MICHAEL R. NEELY, an individual;
                                                 PERRY J. NEELY, an individual; GARY
                                                 NEELY, an individual; MICHAEL R.
                                                 NEELY, PERRY J. NEELY and GARY
                                                 NEELY dba MIKE'S ONE HOUR
                                                 CLEANERS

Dated:  July 30, 2010                     GONSALVES & KOZACHENKO

                                          By:    /s/ Selena P. Ontiveros
                                                 Selena P. Ontiveros
                                                 Attorneys for Defendant
                                                 STARK INVESTMENT COMPANY, a
                                                 California general partnership

| | | |
|---|---|---|
| Dated: July 31, 2010 | | DONGELL LAWRENCE FINNEY LLP |
| | By: | _/s/ Thomas F. Vandenburg_<br>Thomas F. Vandenburg<br>Attorneys for Defendant<br>MULTIMATIC CORPORATION, a New Jersey corporation |
| Dated: July 30, 2010 | | ROGERS JOSEPH O'DONNELL |
| | By: | _/s/ Robert C. Goodman_<br>Robert C. Goodman<br>Attorneys for Defendant<br>CHARLES FREDERICK HARTZ dba PAUL'S SPARKLE CLEANERS;<br>CHARLES F. HARTZ, an individual |
| Dated: July 30, 2010 | | McKENNA LONG & ALDRIDGE LLP |
| | By: | _/s/ Christian Volz_<br>Christian Volz<br>Attorneys for Defendant<br>NORTHROP GRUMMAN SYSTEMS CORPORATION |
| Dated: July 30, 2010 | | GORDON WATROUS RYAN LANGLEY BRUNO & PALTENGHI INC. |
| | By: | _/s/ Bruce Clinton Paltenghi_<br>Bruce Clinton Paltenghi<br>Attorneys for Defendant<br>McCORDUCK PROPERTIES LIVERMORE, LLC, a Delaware limited liability company individually and as the successor to JOHN McCORDUCK, KATHLEEN McCORDUCK, PAMELA McCORDUCK, SANDRA McCORDUCK MARONA, and IMA FINANCIAL CORPORATION, a California corporation |
| Dated: August 2, 2010 | | FOLEY MCINTOSH FREY & CLAYTOR |
| | By: | _/s/ Jim Claytor_<br>Jim Claytor<br>Attorneys for Defendant<br>WESTERN STATES DESIGN, a California corporation |

1  Dated: August 2, 2010                           THE COSTA LAW FIRM

                                          By:      /s/ Daniel P. Costa
                                                   Daniel P. Costa
                                                   Attorneys for Defendant
                                                   STARK INVESTMENT COMPANY

IT IS SO ORDERED

Dated: __8/3/2010_____

IT IS SO ORDERED

Judge Marilyn H. Patel

STIPULATION AND [PROPOSED] ORDER RE ANSWERS TO FIRST AMENDED COMPLAINT
CASE NO: CV 08 3168 MHP

292652.4