1   ROGERS JOSEPH O'DONNELL
    ROBERT C. GOODMAN (SBN 111554)
2   ANN M. BLESSING (SBN 172573)
    D. KEVIN SHIPP (SBN 245947)
3   311 California Street
    San Francisco, California 94104
4   Telephone:    415.956.2828
    Facsimile:    415.956.6457
5   E-mail: *rgoodman@rjo.com; ablessing@rjo.com; kshipp@rjo.com*

6   Attorneys for Defendants
    CHARLES FREDERICK HARTZ dba PAUL'S
7   SPARKLE CLEANERS and CHARLES F. HARTZ

8                        UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11  PALMTREE ACQUISITION CORPORATION,    Case No. CV 08 3168 EMC
    a Delaware corporation,
12                                       **STIPULATION AND [PROPOSED]**
                  Plaintiff,             **ORDER RE ANSWERS TO SECOND**
13                                       **AMENDED COMPLAINT**
         vs.
14
    MICHAEL R. NEELY, an individual; PERRY J.
15  NEELY, an individual; GARY NEELY, an
    individual; MICHAEL R. NEELY, PERRY J.
16  NEELY and GARY NEELY dba MIKE'S ONE
    HOUR CLEANERS; CHARLES FREDERICK
17  HARTZ dba PAUL'S SPARKLE CLEANERS;
    CHARLES F. HARTZ, an individual;
18  MULTIMATIC CORPORATION, a New Jersey
    corporation; WESTERN STATES DESIGN, a
19  California corporation; MCCORDUCK
    PROPERTIES LIVERMORE, LLC, a Delaware
20  limited liability company individually and as the
    successor to JOHN MCCORDUCK ,
21  KATHLEEN MCCORDUCK, PAMELA
    MCCORDUCK, SANDRA MCCORDUCK
22  MARONA, and IMA FINANCIAL
    CORPORATION, a California corporation;
23  JOHN MCCORDUCK individually;
    KATHLEEN MCCORDUCK individually;
24  PAMELA MCCORDUCK individually;
    SANDRA MCCORDUCK MARONA
25  individually; IMA FINANCIAL
    CORPORATION, a California corporation;
26  STARK INVESTMENT COMPANY, a
    California general partnership; GRUBB &
27  ELLIS REALTY INCOME TRUST,

28

LIQUIDATING TRUST, a California trust; and
DOES 1-20, inclusive,

           Defendants.

AND RELATED ACTIONS

# RECITALS

A.    Plaintiff Palmtree Acquisition Corporation filed this action ("Action") as a "reopener" of a prior action that was conditionally settled, which prior action was filed on February 3, 1993 in the United States District Court for the Northern District of California, entitled *Grubb & Ellis Realty Trust v. Catellus Development Corp., et al.,* and related cross-actions, Case No. C93-0383 SBA ("Prior Action").

B.    In the course of litigating the Prior Action, the parties to the Prior Action engaged in discovery relating to the factual background, ownership and operations of certain of the parties to the Prior Action and their conduct which may have resulted in the PCE contamination.

C.    On February 7, 1994, the parties to the Prior Action entered into a settlement agreement ("1994 Settlement"). On February 17, 1994, this Court entered an order approving the settlement agreement and dismissing the Prior Action.

D.    Pursuant to the 1994 Settlement, the parties agreed that the release amongst each other would not extend to:

> …any claims, causes of action, obligations, damages, expenses or liabilities resulting from (1) claims or cross-claims arising from actions brought by third parties after the date of this agreement relating to PCE [perchloroethylene] contamination at the properties, or (2) actions by governmental agencies requiring cleanup of PCE contamination or seeking recovery of governmental response costs for the cleanup of PCE contamination: (a) of the deeper aquifer as defined in Paragraph 5 of SCO [Site Cleanup Order], or (b) in the form of DNAPLs, defined as PCE found in pore-water concentrations which exceed

their effective soluabilities as measured using the residual DNAPL detection method of Feenstra, Mackay, and Cherry (1991).  The limitations expressed in the preceding sentence on the release contained in this paragraph are referred to as "the Paragraph 9 reopeners".

E. On March 17, 2008, and March 21, 2008, the California Regional Water Quality Control Board ("RWQCB"), a governmental agency, sent letters to certain of the defendants and the plaintiff, and/or their predecessors, requiring the further investigation and monitoring of PCE contamination which potentially impacted the deeper aquifer that may be in the form of DNAPLs, thereby triggering the "Paragraph 9 reopeners" ("RWQCB Directives").  As a result of the RWQCB Directives, certain parties to the prior 1994 Settlement, made a demand upon other parties asserting that the Paragraph 9 reopener applied and demanding that they respond to the RWQCB Directives.

F. On July 1, 2008, plaintiff Palmtree Acquisition Corporation, the successor to one of the 1994 Settlement parties, Catellus Development Corporation, filed a Complaint for CERCLA Cost Recovery, Damages and Declaratory Relief, seeking contribution and damages ("the Original Complaint") against certain of other parties to the 1994 Settlement, pursuant to the Paragraph 9 reopener.

G. Defendant The Grubb & Ellis Realty Income Trust, Liquidating Trust ("GERIT") has not appeared and claims to have dissolved and to no longer exist, and thus is not a party to this stipulation.

H. On September 15, 2008 Judge Edward M. Chen signed a stipulation and order (Document No. 13) providing that, among other things, the defendants were deemed to have denied each and every allegation in the Original Complaint, that defendants were deemed to have filed crossclaims against each other for contribution and indemnity, and deemed to have filed counterclaims for contribution and indemnity against Plaintiff.

I. Subsequent to the filing of the Original Complaint, certain parties agreed to cooperate in jointly retaining an environmental consultant to respond to the RWQCB Directives.  The environmental consultant has been engaged with the RWQCB and the parties

have made substantial progress towards meeting the demands of the RWQCB.

     J.     Subsequent to the filing of the Original Complaint, the parties participated in meditation with Timothy Gallagher, Esq., during which the parties engaged in an in depth discussion and investigation relating to the factual background, ownership and operations of the parties and their conduct which may have resulted in the PCE contamination.  The parties are still participating in mediation.

     K.     On July 14, 2010, plaintiff Palmtree Acquisition Corporation filed its First Amended Complaint ("FAC"), adding Northrop Grumman Systems Corporation ("Northrop Grumman") as a party.  Northrop Grumman has settled this matter and been dismissed with prejudice from this action; therefore, Northrop Grumman need not respond to the SAC.

     L.     On July 14, 2011 plaintiff Palmtree Acquisition Corporation filed its Second Amended Complaint (the "Current Action" or "SAC"), clarifying plaintiff's intent to include in the original complaint and/or adding defendants John McCorduck, Kathleen McCorduck, Pamela McCorduck, Sandra McCorduck Marona, ("collectively the "McCorduck Defendants") and IMA Financial Corporation.

     M.     The parties to this Current Action, who were defendants in the Prior Action, filed answers in the Prior Action.  Some parties also filed cross-claims in the Prior Action.

     N.     The responses and defenses in this Current Action should be substantially similar to those raised by the parties in the Prior Action.

Therefore, in the interest of judicial economy, pursuant to Local Rule 6-1(b) and 7-12, the parties below hereby agree and stipulate as follows:

## STIPULATION

1.     Each of the defendants in this Current Action, who have signed this stipulation and proposed order, shall be deemed to have denied each and every allegation in the SAC.

2.     The defendants to this Current Action, who have signed this stipulation and proposed order, shall be deemed to have filed cross-claims against each other for contribution and indemnity and to have filed counter-claims for contribution and indemnity against the plaintiff.

1        3.    Each of the defendants to this Current Action reserves the right to supplement its response to the SAC, and may file an answer and separate crossclaims or counterclaims at a later date, but no later than 60 days following the conclusion of mediation with mediator Timothy Gallagher, currently underway.  Mediation will be concluded at such time as: (a) a settlement is reached, or (b) the mediator issues a letter concluding that a settlement has not been reached and the mediation is concluded.  Each defendant has not waived the right to assert new affirmative defenses that were not asserted in the Prior Action.

      4.    Each of the defendants to this Current Action further reserves the right to file crossclaims against other third parties who are not parties to this Current Action, and the parties reserve any and all rights against such third parties.  Each party reserves its right to file crossclaims against parties named in the Third Amended Third Party Complaint filed by third party plaintiffs Stark Investment Company and the Kirrberg Corporation.  The plaintiff reserves the right to amend the complaint to add or remove allegations, to add new parties or to make any other changes consistent with the Federal Rules of Civil Procedure.

Wherefore, the Parties respectfully request that the Court approve this Stipulation.

Dated:  July 26, 2011                               COX, CASTLE & NICHOLSON LLP

By:    */s/   Peter M. Morrisette*
Stuart I. Block
Peter M. Morrisette
Attorneys for Plaintiff
PALMTREE ACQUISITION
CORPORATION, a Delaware corporation
f/k/a Catellus Development Corporation

Dated:  July 26, 2011                               BASSI EDLIN HUIE & BLUM LLP

By:    */s/   Farheena A. Habib*
Farheena A. Habibi
Attorneys for Defendants
MICHAEL R. NEELY, an individual;
PERRY J. NEELY, an individual; GARY
NEELY, an individual; MICHAEL R.
NEELY, PERRY J. NEELY and GARY
NEELY dba MIKE'S ONE HOUR
CLEANERS

Dated: July 26, 2011                                  GONSALVES & KOZACHENKO

                                               By:   /s/   Selena P. Ontiveros
                                                     Selena P. Ontiveros
                                                     Attorneys for Defendant
                                                     STARK INVESTMENT COMPANY, a
                                                     California general partnership

Dated: July 27, 2011                                  DONGELL LAWRENCE FINNEY LLP

                                               By:   /s/   Thomas F. Vandenburg
                                                     Thomas F. Vandenburg
                                                     Attorneys for Defendant
                                                     MULTIMATIC CORPORATION, a New
                                                     Jersey corporation

Dated: July 28, 2011                                  ROGERS JOSEPH O'DONNELL

                                               By:   /s/   Robert C. Goodman
                                                     Robert C. Goodman
                                                     Attorneys for Defendant
                                                     CHARLES FREDERICK HARTZ dba
                                                     PAUL'S SPARKLE CLEANERS;
                                                     CHARLES F. HARTZ, an individual

Dated: July 26, 2011                                  GORDON WATROUS RYAN
                                                      LANGLEY BRUNO & PALTENGHI
                                                      INC.

                                               By:   /s/   Bruce Clinton Paltenghi
                                                     Bruce Clinton Paltenghi
                                                     Attorneys for Defendant
                                                     McCORDUCK PROPERTIES
                                                     LIVERMORE, LLC, a Delaware limited
                                                     liability company individually and as the
                                                     successor to JOHN McCORDUCK,
                                                     KATHLEEN McCORDUCK, PAMELA
                                                     McCORDUCK, SANDRA McCORDUCK
                                                     MARONA, and IMA FINANCIAL
                                                     CORPORATION, a California corporation

305126.1

| | | |
|---|---|---|
| Dated: July 26, 2011 | | FOLEY MCINTOSH FREY & CLAYTOR |
| | By: | /s/   James D. Claytor |
| | | James D. Claytor |
| | | Attorneys for Defendant |
| | | WESTERN STATES DESIGN, a California corporation |
| | | |
| Dated: July 26, 2011 | | THE COSTA LAW FIRM |
| | By: | /s/   Daniel P. Costa |
| | | Daniel P. Costa |
| | | Attorneys for Defendant |
| | | STARK INVESTMENT COMPANY |

IT IS SO ORDERED

Dated: __August 3, 2011_____    _____

                                                                                IT IS SO ORDERED
                                                                                Judge Edward M. Chen

Page 7

STIPULATION AND [PROPOSED] ORDER RE ANSWERS TO SECOND AMENDED COMPLAINT
CASE NO: CV 08 3168 EMC

305126.1