United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALMTREE ACQUISITION CORPORATION,<br><br>            Plaintiff,<br><br>   v.<br><br>MICHAEL R. NEELY, *et al.*,<br><br>            Defendants.<br>_____/<br><br>KIRRBERG CORPORATION, *et al.*,<br><br>            Third-Party Plaintiffs,<br><br>   v.<br><br>DOROTHY ANDERSON, Trustee of The Anderson Marital Trust and The Anderson Tax Deferral Trust,<br><br>            Third-Party Defendant.<br>_____/ | No. C-08-3168 EMC<br><br><br>**ORDER RE TRUSTEE ANDERSON'S MOTION TO DISMISS KIRRBERG CORPORATION'S AND STARK INVESTMENT COMPANY'S THIRD AMENDED THIRD-PARTY COMPLAINT, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br><br>**(Docket No. 127)** |

Third-Party Plaintiffs the Kirrberg Corporation (formerly known as Multimatic Corporation) and Stark Investment Company, L.P. have filed a complaint against Third-Party Defendant Dorothy Anderson, as Trustee of the Anderson Marital Trust and as Trustee of the Anderson Tax Deferral Trust. Currently pending before the Court is the Trustee's motion to dismiss the fourth cause of action in the third amended third-party complaint ("TATC") or, in the alternative, for a more definite statement. The Court finds this matter suitable for disposition without oral argument and

1   **VACATES** the hearing set for August 12, 2001.  For the reasons discussed below, the Court
2   **GRANTS** the motion for a more definite statement.

### I.   FACTUAL & PROCEDURAL BACKGROUND

As alleged in the TATC, the Trustee of the Anderson Marital Trust and Anderson Tax Deferral Trust is the current owner of certain property once known as the Livermore Arcade Shopping Center ("LASC") and now known as the Vintner Square Shopping Center in Livermore, California.  *See* TATC ¶¶ 7-8, 17-20.  Before the Trustee became the owner of the LASC, the San Francisco Bay Regional Water Quality Control Board (the "Board") issued a Site Cleanup Order for the LASC and a neighboring shopping center in 1993 and another order in 1996 based on PCE contamination.  *See id.* ¶¶ 9, 12, 16.  In 2008, the Board sent correspondence to various parties, including Kirrberg and Stark, who had been previously sued on the theory that they were at least partly responsible for the contamination of the area, regarding contamination outside of the containment zone.  *See id.* ¶ 21.

Kirrberg and Stark have now filed suit against the Trustee, asserting claims for (1) contribution pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"); (2) declaratory relief under the CERCLA; (3) equitable indemnity; and (4) "declaratory relief under state law."  Although not the model of clarity, the TATC indicates that, with respect to the fourth cause of action, Kirrberg and Stark seek a declaration regarding their rights and obligations, plus the Trustee's rights and obligations, regarding the contamination of the of area.  In particular, Kirrberg and Stark ask for a declaration that the Trustee has a responsibility to indemnify them for cleanup costs and related damages.  *See* TATC ¶¶ 38-39.

In the currently pending motion, the Trustee moves for a dismissal of the fourth cause of action or, in the alternative, for a more definite statement.

### II.   DISCUSSION

A.   Legal Standard

The Trustee's motion is made pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e).

2

Under Rule 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.*

Under Rule 12(e), a party may move for a more definite statement with respect to a complaint that "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (stating that, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding"). A Rule 12 (e) motion may be granted, for example, "where the complaint is so general that ambiguity arises in determining the nature of the claim," *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) – including its legal nature. The Ninth Circuit has expressly held that, "even though a complaint is not defective for failure to designate the statute or other provision of law violated, [a court] may in [its] discretion, in response to a motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case, and may dismiss the complaint if [its] order is violated." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

///

///

B.   Plausibility v. Definiteness

In the instant case, the Trustee argues first that the claim for "declaratory relief under state law" should be dismissed with prejudice pursuant to Rule 12(b)(6) because it is overly conclusory and therefore lacking in plausibility. The Court does not agree. The TATC contains sufficient allegations establishing that there is a concrete controversy between the parties – namely, a dispute over the parties' rights and obligations with respect to contamination of the site at issue.

On the other hand, the Court finds the Trustee's alternative motion under Rule 12(e) meritorious. That is, the complaint is ambiguous because it asks for a declaration of the parties "rights and obligations under State laws," TATC ¶ 38, without providing any additional information as to what those state laws are or even might be. Without that information, the scope of the claim is ill defined, and as a result the Trustee would not be able to prepare an adequately informed response.

Kirrberg and Stark's arguments to the contrary are not persuasive. First, while, in theory, the Trustee could pose an interrogatory asking what the state laws are underlying the fourth case of action, as a practical matter, that approach makes little sense and would essentially be a waste of time. Discovery should focus on facts and factual contentions supporting legal claims; there is no reason for Kirrberg and Stark to delay in providing information about what, in essence, the legal claims are, particularly because that information may shape how the Trustee responds to the TATC.

Second, that the Trusts previously filed an answer to Kirrberg and Stark's first amended third-party complaint – which contained the same claim for declaratory relief under state law – is not dispositive.[1] Under Rule 12, certain defenses may be waived if not appropriately preserved, *see* Fed. R. Civ. P. 12(h); however, a need for a more definite statement under Rule 12(e) is not one of those "defenses." Indeed, it is not a substantive defense at all; it is simply a procedural request. While it would have been better practice for the Trusts to have made the argument at the outset, as a practical matter, the Court sees little reason to hide the ball and would rather advance the litigation, not to mention head off a potential argument by the Trustee that she will need to amend her answer to the

---

[1] The Trusts were previously named as third-party defendants instead of the Trustee, but were represented by the same counsel.

United States District Court
For the Northern District of California

TATC after getting information about what the underlying state laws in the fourth cause of action are.

### III. CONCLUSION

Accordingly, the Court grants the alternative request for a more definite statement under Rule 12(e). Kirrberg and Stark have twenty days from the date of this order to provide a more definite statement with respect to the fourth cause of action in the TATC. More specifically, Kirrberg and Stark shall identify in their more definite statement what the underlying state laws are. To make a clear and simple record, Kirrberg and Stark shall provide the more definite statement as part of a fourth amended third-party complaint ("FATC"). The Court emphasizes that the sole purpose of the FATC is to provide a more definite statement on the claim for "declaratory relief under state law." No new factual allegations are to be included, nor any new causes of action.

If a FATC is not filed within the above timeframe, then the Court shall strike the claim for "declaratory relief under state law" from the TATC. *See* Fed. R. Civ. P. 12(e) (providing that, "[i]f the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order").

If a FATC is filed within the above timeframe, then the Trustee shall have twenty days thereafter to file a response to the complaint.

This order disposes of Docket No. 127.

IT IS SO ORDERED.

Dated: August 4, 2011

_____
EDWARD M. CHEN
United States District Judge

5