ROGERS JOSEPH O'DoNNELL
Robert C. Goodman (SBN 111554)
Ann M. Blessing (SBN 172573)
D. Kevin Shipp (SBN 245947)
311 California Street
San Francisco, California 94104
Telephone:   415.956.2828
Facsimile:   415.956.6457
E-mail:  rgoodman@rjo.com; ablessing@rjo.com; kshipp@rjo.com

Attorneys for Defendants
CHARLES FREDERICK HARTZ DBA PAUL'S
SPARKLE CLEANERS AND CHARLES F. HARTZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALMTREE ACQUISITION CORPORATION, a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL R. NEELY, an individual; PERRY J. NEELY, an individual; GARY NEELY, an individual; MICHAEL R. NEELY, PERRY J. NEELY and GARY NEELY dba MIKE'S ONE HOUR CLEANERS; CHARLES FREDERICK HARTZ dba PAUL'S SPARKLE CLEANERS; CHARLES F. HARTZ, an individual; MULTIMATIC CORPORATION, a New Jersey corporation; WESTERN STATES DESIGN, a California corporation; MCCORDUCK PROPERTIES LIVERMORE, LLC, a Delaware limited liability company individually and as the successor to JOHN MCCORDUCK, KATHLEEN MCCORDUCK, PAMELA MCCORDUCK, SANDRA MCCORDUCK MARONA, and IMA FINANCIAL CORPORATION, a California corporation; JOHN MCCORDUCK individually; KATHLEEN MCCORDUCK individually; PAMELA MCCORDUCK individually; SANDRA MCCORDUCK MARONA individually; IMA FINANCIAL CORPORATION, a California corporation; STARK INVESTMENT COMPANY, a California general partnership; GRUBB & ELLIS REALTY INCOME TRUST, | Case No. CV 08 3168 EMC<br><br>**STIPULATION AND [PROPOSED] ORDER RE MCCORDUCK DEFENDANTS' AND IMA FINANCIAL'S ANSWERS TO SECOND AMENDED COMPLAINT** |

Page 1

STIPULATION AND [PROPOSED] ORDER RE MCCORDUCK DEFENDANTS' AND IMA FINANCIAL'S ANSWERS TO SECOND AMENDED COMPLAINT
CASE NO: CV 08 3168 EMC

307453.1

1 | LIQUIDATING TRUST, a California trust; and DOES 1-20, inclusive,
2 |
   |                    Defendants.
3 | AND RELATED ACTIONS

Page 2

STIPULATION AND [PROPOSED] ORDER RE MCCORDUCK DEFENDANTS' AND IMA FINANCIAL'S ANSWERS TO SECOND AMENDED COMPLAINT
CASE NO: CV 08 3168 EMC

307453.1

# RECITALS

A.   Plaintiff Palmtree Acquisition Corporation filed this action ("Action") as a "reopener" of a prior action that was conditionally settled, which prior action was filed on February 3, 1993 in the United States District Court for the Northern District of California, entitled *Grubb & Ellis Realty Trust v. Catellus Development Corp., et al.,* and related cross-actions, Case No. C93-0383 SBA ("Prior Action").

B.   In the course of litigating the Prior Action, the parties to the Prior Action engaged in discovery relating to the factual background, ownership and operations of certain of the parties to the Prior Action and their conduct which may have resulted in the PCE contamination.

C.   On February 7, 1994, the parties to the Prior Action entered into a settlement agreement ("1994 Settlement").  On February 17, 1994, this Court entered an order approving the settlement agreement and dismissing the Prior Action.

D.   Pursuant to the 1994 Settlement, the parties agreed that the release amongst each other would not extend to:

> …any claims, causes of action, obligations, damages, expenses or liabilities resulting from (1) claims or cross-claims arising from actions brought by third parties after the date of this agreement relating to PCE [perchloroethylene] contamination at the properties, or (2) actions by governmental agencies requiring cleanup of PCE contamination or seeking recovery of governmental response costs for the cleanup of PCE contamination: (a) of the deeper aquifer as defined in Paragraph 5 of SCO [Site Cleanup Order], or (b) in the form of DNAPLs, defined as PCE found in pore-water concentrations which exceed their effective soluabilities as measured using the residual DNAPL detection method of Feenstra, Mackay, and Cherry (1991).  The limitations expressed in the preceding sentence on the release contained in this paragraph are referred to as "the Paragraph 9 reopeners".

Page 3

STIPULATION AND [PROPOSED] ORDER RE MCCORDUCK DEFENDANTS' AND IMA FINANCIAL'S ANSWERS TO SECOND AMENDED COMPLAINT
CASE NO: CV 08 3168 EMC

307453.1

E.   On March 17, 2008, and March 21, 2008, the California Regional Water Quality Control Board ("RWQCB"), a governmental agency, sent letters to certain of the defendants and the plaintiff, and/or their predecessors, requiring the further investigation and monitoring of PCE contamination which potentially impacted the deeper aquifer that may be in the form of DNAPLs, thereby triggering the "Paragraph 9 reopeners" ("RWQCB Directives").  As a result of the RWQCB Directives, certain parties to the prior 1994 Settlement, made a demand upon other parties asserting that the Paragraph 9 reopener applied and demanding that they respond to the RWQCB Directives.

F.   On July 1, 2008, plaintiff Palmtree Acquisition Corporation, the successor to one of the 1994 Settlement parties, Catellus Development Corporation, filed a Complaint for CERCLA Cost Recovery, Damages and Declaratory Relief, seeking contribution and damages ("the Original Complaint") against certain of other parties to the 1994 Settlement, pursuant to the Paragraph 9 reopener.

G.   Defendant The Grubb & Ellis Realty Income Trust, Liquidating Trust ("GERIT") has not appeared, is not represented by counsel, and claims to have dissolved and to no longer exist, and thus is not a party to this stipulation.

H.   On September 15, 2008 Judge Edward M. Chen signed a stipulation and order (Document No. 13) providing that, among other things, the defendants were deemed to have denied each and every allegation in the Original Complaint, that defendants were deemed to have filed crossclaims against each other for contribution and indemnity, and deemed to have filed counterclaims for contribution and indemnity against Plaintiff.

I.   Subsequent to the filing of the Original Complaint, certain parties agreed to cooperate in jointly retaining an environmental consultant to respond to the RWQCB Directives.  The environmental consultant has been engaged with the RWQCB and the parties have made substantial progress towards meeting the demands of the RWQCB.

J.   Subsequent to the filing of the Original Complaint, the parties participated in meditation with Timothy Gallagher, Esq., during which the parties engaged in an in depth

Page 4
STIPULATION AND [PROPOSED] ORDER RE MCCORDUCK DEFENDANTS' AND IMA FINANCIAL'S
ANSWERS TO SECOND AMENDED COMPLAINT
CASE NO: CV 08 3168 EMC

307453.1

1  discussion and investigation relating to the factual background, ownership and operations of
2  the parties and their conduct which may have resulted in the PCE contamination.
3      K.    On July 14, 2010 plaintiff Palmtree Acquisition Corporation filed its First
4  Amended Complaint ("FAC"), adding Northrop Grumman Systems Corporation ("Northrop
5  Grumman") as a party.  Northrop Grumman has settled this matter and been dismissed with
6  prejudice from this action and thus need not respond to the SAC.
7      L.    On July 14, 2011 plaintiff Palmtree Acquisition Corporation filed its Second
8  Amended Complaint (the "Current Action" or "SAC"), clarifying plaintiff's intent to include
9  in the original complaint and/or adding defendants John McCorduck, Kathleen McCorduck,
10 Pamela McCorduck, Sandra McCorduck Marona, ("collectively the "Individual McCorduck
11 Defendants") and IMA Financial Corporation ("IMA Financial").
12     M.    On July 28, 2011 a stipulation and proposed order was filed in which the
13 parties who signed the stipulation agreed that the signing defendants would be deemed to
14 have denied each and every allegation in the SAC and would be deemed to have filed cross-
15 claims and counter-claims for contribution and indemnity.
16     N.    The Individual McCorduck Defendants and IMA Financial were not parties to
17 the July 28, 2011 stipulation and proposed order because they had not yet been served with
18 the SAC or waived service.
19     O.    On August 3, 2011 the Court filed an Order approving the July 28, 2011
20 stipulation.
21     P.    The Individual McCorduck Defendants and IMA Financial have now waived
22 service of the SAC.
23     Q.    The responses and defenses of the Individual McCorduck Defendants and IMA
24 Financial should be substantially similar to those raised by the parties named in the Prior
25 Action.
26     Therefore, in the interest of judicial economy, pursuant to Local Rule 6-1(b) and 7-12,
27 the parties below hereby agree and stipulate as follows:
28

**STIPULATION**

1. The Individual McCorduck Defendants and IMA Financial shall be deemed to have denied each and every allegation in the SAC.

2. The Individual McCorduck Defendants and IMA Financial shall be deemed to have filed cross-claims and/or counterclaims against each other defendant in the Current Action for contribution and indemnity and to have filed counter-claims for contribution and indemnity against the plaintiff. The Individual McCorduck Defendants and IMA Financial and/or McCorduck Properties Livermore, LLC shall not be deemed to have filed cross-claims and/or counterclaims against one another.

3. Each Defendant, other than the Individual McCorduck Defendants and IMA Financial and McCorduck Properties Livermore, LLC , who has signed this stipulation and proposed order shall be deemed to have filed cross-claims and/or counterclaims against the Individual McCorduck Defendants and IMA Financial for contribution and indemnity.

4. The Individual McCorduck Defendants and IMA Financial reserve the right to supplement their response to the SAC, and may file an answer and separate crossclaims and/or counterclaims at a later date, but no later than 60 days following the conclusion of mediation with mediator Timothy Gallagher, currently underway. Mediation will be concluded at such time as: (a) a settlement is reached, or (b) the mediator issues a letter concluding that a settlement has not been reached and the mediation is concluded. The Individual McCorduck Defendants and IMA Financial have not waived the right to assert new affirmative defenses that were not previously asserted and the right to file cross-claims and/or counterclaims.

5. The Individual McCorduck Defendants and IMA Financial further reserve their right to file cross-claims and/or counterclaims against third parties who are not parties to this Current Action, and reserve any and all rights against such third parties. The Individual McCorduck Defendants and IMA Financial reserve their right to file cross-claims and/or counterclaims against parties named in the Fourth Amended Third Party Complaint filed by

Page 6

STIPULATION AND [PROPOSED] ORDER RE MCCORDUCK DEFENDANTS' AND IMA FINANCIAL'S ANSWERS TO SECOND AMENDED COMPLAINT
CASE NO: CV 08 3168 EMC

307453.1

1 third party plaintiffs Stark Investment Company and the Kirrberg Corporation. The plaintiff
2 reserves the right to amend the complaint to add or remove allegations, to add new parties or
3 to make any other changes consistent with the Federal Rules of Civil Procedure.
4     Wherefore, the Parties respectfully request that the Court approve this Stipulation.

Dated: October 20, 2011      COX, CASTLE & NICHOLSON LLP

By: */s/ Peter M. Morrisette*
Stuart I. Block
Peter M. Morrisette
Attorneys for Plaintiff
PALMTREE ACQUISITION
CORPORATION, a Delaware corporation
f/k/a Catellus Development Corporation

Dated: October 21, 2011      BASSI EDLIN HUIE & BLUM LLP

By: */s/ Noel Edlin*
Noel Edlin
Attorneys for Defendants
MICHAEL R. NEELY, an individual;
PERRY J. NEELY, an individual; GARY
NEELY, an individual; MICHAEL R.
NEELY, PERRY J. NEELY and GARY
NEELY dba MIKE'S ONE HOUR
CLEANERS

Dated: October 21, 2011      GONSALVES & KOZACHENKO

By: */s/ Selena P. Ontiveros*
Selena P. Ontiveros
Attorneys for Defendant
STARK INVESTMENT COMPANY, a
California limited partnership

Dated: October 24, 2011      DONGELL LAWRENCE FINNEY LLP

By: */s/ Thomas F. Vandenburg*
Thomas F. Vandenburg
Attorneys for Defendant
MULTIMATIC CORPORATION, a New
Jersey corporation

Page 7

STIPULATION AND [PROPOSED] ORDER RE MCCORDUCK DEFENDANTS' AND IMA FINANCIAL'S
ANSWERS TO SECOND AMENDED COMPLAINT
CASE NO: CV 08 3168 EMC

307453.1

| | | | |
|---|---|---|---|
| Dated: October 21, 2011 | | | ROGERS JOSEPH O'DONNELL |

By:    */s/ Robert C. Goodman*
Robert C. Goodman
Attorneys for Defendant
CHARLES FREDERICK HARTZ dba
PAUL'S SPARKLE CLEANERS;
CHARLES F. HARTZ, an individual

Dated: October 21, 2011                                GORDON WATROUS RYAN
LANGLEY BRUNO & PALTENGHI
INC.

By:    */s/ Bruce Clinton Paltenghi*
Bruce Clinton Paltenghi
Attorneys for Defendant
McCORDUCK PROPERTIES
LIVERMORE, LLC, a Delaware limited
liability company individually and as the
successor to JOHN McCORDUCK,
KATHLEEN McCORDUCK, PAMELA
McCORDUCK, and SANDRA
McCORDUCK MARONA and for JOHN
McCORDUCK; individually; KATHLEEN
McCORDUCK, individually; PAMELA
McCORDUCK, individually; SANDRA
McCORDUCK MARONA; individually

Dated: October 20, 2011                                STANZLER LAW GROUP

By:    */s/ Jordan S. Stanzler*
Jordan S. Stanzler
Attorneys for Defendant
IMA FINANCIAL CORPORATION, a
California corporation

Dated: October 21, 2011                                FOLEY MCINTOSH FREY & CLAYTOR

By:    */s/ James D. Claytor*
James D. Claytor
Attorneys for Defendant
WESTERN STATES DESIGN, a
California corporation

Page 8

STIPULATION AND [PROPOSED] ORDER RE MCCORDUCK DEFENDANTS' AND IMA FINANCIAL'S
ANSWERS TO SECOND AMENDED COMPLAINT
CASE NO: CV 08 3168 EMC

307453.1

| | | |
|---|---|---|
| 1 | Dated: October 23, 2011 | THE COSTA LAW FIRM |
| 2 | | |
| 3 | | By:   /s/   Daniel P. Costa |
| | | Daniel P. Costa |
| 4 | | Attorneys for Defendant |
| | | STARK INVESTMENT COMPANY |

IT IS SO ORDERED

Dated: __10/27/11_____

**IT IS SO ORDERED**

Judge Edward M. Chen

*UNITED STATES DISTRICT COURT — NORTHERN DISTRICT OF CALIFORNIA (seal)*

Page 9

STIPULATION AND [PROPOSED] ORDER RE MCCORDUCK DEFENDANTS' AND IMA FINANCIAL'S ANSWERS TO SECOND AMENDED COMPLAINT
CASE NO: CV 08 3168 EMC

307453.1