1  John R. Till      SBN 178763    jtill@paladinlaw.com
   Bret A. Stone    SBN 190161    bstone@paladinlaw.com
2  Brian R. Paget   SBN 168694    bpaget@paladinlaw.com
   Paladin Law Group® LLP
3  1176 Boulevard Way
   Walnut Creek, California 94595
4  Phone: (925) 947-5700
   Fax: (925) 935-8488
5
   Counsel for Third-Party Defendant DOROTHY ANDERSON,
6  Trustee of The Anderson Marital and Anderson Tax Deferral Trusts
7
8                  UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA
9
                    SAN FRANCISCO DIVISION
10

11  PALMTREE ACQUISITION                    Case No. 08-CV-3168-EMC
    CORPORATION, a Delaware corporation,
12                                          **STIPULATION AND [PROPOSED] ORDER
          Plaintiff,                        RE DOROTHY ANDERSON'S RESPONSE
13                                          TO KIRRBERG CORPORATION'S AND
    vs.                                     STARK INVESTMENT COMPANY'S
14                                          FOURTH AMENDED THIRD PARTY
    MICHAEL R. NEELY, an individual, *et al.,*  COMPLAINT**
15
          Defendants.                       Action filed: July 1, 2008
16                                          Trial date: none set

17  KIRRBERG CORPORATION, formerly
    known as MULTIMATIC CORPORATION, a
18  New Jersey corporation; and STARK
    INVESTMENT COMPANY, L.P., a California
19  limited partnership,

20        Third-Party Plaintiffs,

21  vs.

22  DOROTHY ANDERSON, Trustee of The
    Anderson Marital Trust and The Anderson Tax
23  Deferral Trust, both dated February 28, 1979, as
    amended and restated August 31, 1994,
24
          Third-Party Defendant.
25

26
    AND RELATED CROSSCLAIMS AND
27  COUNTERCLAIMS.


28

-1-                                                      08-CV- 3168-EMC
STIPULATION AND [PROPOSED] ORDER RE RESPONSE TO THIRD PARTY COMPLAINT

1

**RECITALS**

2    A.   Plaintiff Palmtree Acquisition Corporation ("Plaintiff") filed this action ("Action") as what

3  it describes as a "reopener" of a prior action that was conditionally settled, which prior action was filed

4  on February 3, 1993 in the United States District Court for the Northern District of California, entitled

5  *Grubb & Ellis Realty Trust v. Catellus Development Corp., et al.,* and related crossactions, Case No.

6  C93-0383 SBA ("Prior Action").

7    B.   In the course of litigating the Prior Action, the parties to the Prior Action engaged in discovery

8  relating to the factual background, ownership and operations of certain of the parties to the Prior Action

9  and their conduct which may have resulted in the PCE contamination.

10    C.   On February 7, 1994, the parties to the Prior Action entered into a settlement agreement

11  ("1994 Settlement"). On February 17, 1994, this Court entered an order approving the settlement

12  agreement and dismissing the Prior Action.

13    D.   Pursuant to the 1994 Settlement, the parties agreed that the release amongst each other would

14  not extend to:

15    . . . any claims, causes of action, obligations, damages, expenses or liabilities
      resulting from (1) claims or cross-claims arising from actions brought by third
16    parties after the date of this agreement relating to PCE [perchloroethylene]
      contamination at the properties, or (2) actions by governmental agencies requiring
17    cleanup of PCE contamination or seeking recovery of governmental response costs
      for the cleanup of PCE contamination: (a) of the deeper aquifer as defined in
18    Paragraph 5 of SCO [Site Cleanup Order], or (b) in the form of DNAPLs, defined
      as PCE found in pore-water concentrations which exceed their effective soluabilities
19    as measured using the residual DNAPL detection method of Feenstra, Mackay, and
      Cherry (1991). The limitations expressed in the preceding sentence on the release
20    contained in this paragraph are referred to as "the Paragraph 9 reopeners."

21    E.   On March 17, 2008, and March 21, 2008, the California Regional Water Quality Control

22  Board ("RWQCB"), a governmental agency, sent letters to certain of the defendants and the plaintiff,

23  and/or their predecessors, requiring the further investigation and monitoring of PCE contamination

24  which potentially impacted the deeper aquifer that may be in the form of DNAPLs, thereby allegedly

25  triggering the "Paragraph 9 reopeners" ("RWQCB Directives"). As a result of the RWQCB Directives,

26  certain parties to the prior 1994 Settlement, made a demand upon other parties asserting that the

27  Paragraph 9 reopener applied and demanding that they respond to the RWQCB Directives.

28  / / /

STIPULATION AND [PROPOSED] ORDER RE RESPONSE TO THIRD PARTY COMPLAINT

1    F.    On July 1, 2008, plaintiff Palmtree Acquisition Corporation, the successor to one of the 1994

2    Settlement parties, Catellus Development Corporation, initiated this Action by filing a Complaint for

3    CERCLA Cost Recovery, Damages and Declaratory Relief, seeking contribution and damages ("the

4    Original Complaint") against certain of other parties to the 1994 Settlement, pursuant to the Paragraph

5    9 reopener.

6    G.    Defendant The Grubb & Ellis Realty Income Trust, Liquidating Trust ("GERIT") has not

7    appeared, is not represented by counsel, and claims to have dissolved and to no longer exist, and thus

8    is not a party to this stipulation.

9    H.    On September 15, 2008 Judge Edward M. Chen signed a stipulation and order (Document No.

10   13) providing that, among other things, the defendants were deemed to have denied each and every

11   allegation in the Original Complaint, that defendants were deemed to have filed crossclaims against

12   each other for contribution and indemnity, and deemed to have filed counterclaims for contribution and

13   indemnity against Plaintiff.

14   I.    Subsequent to the filing of the Original Complaint, certain parties agreed to cooperate in

15   jointly retaining an environmental consultant to respond to the RWQCB Directives. The environmental

16   consultant has been engaged with the RWQCB and the parties have made progress towards meeting

17   the demands of the RWQCB.

18   J.    Subsequent to the filing of the Original Complaint, the parties participated in meditation with

19   Timothy Gallagher, Esq., during which the parties engaged in an in depth discussion and investigation

20   relating to the factual background, ownership and operations of the parties and their conduct which may

21   have resulted in the PCE contamination.

22   K.    On July 14, 2010 plaintiff Palmtree Acquisition Corporation filed its First Amended

23   Complaint ("FAC"), adding Northrop Grumman Systems Corporation ("Northrop Grumman") as a

24   party.  Northrop Grumman has settled this matter and been dismissed with prejudice from this Action

25   and thus is not a party to this stipulation.

26   L.    On July 14, 2011 plaintiff Palmtree Acquisition Corporation filed its Second Amended

27   Complaint (the "Current Action" or "SAC"), clarifying plaintiff's intent to include in the Original

28   Complaint and/or adding defendants John McCorduck, Kathleen McCorduck, Pamela McCorduck,

STIPULATION AND [PROPOSED] ORDER RE RESPONSE TO THIRD PARTY COMPLAINT

1   Sandra McCorduck Marona, ("collectively the "Individual McCorduck Defendants") and IMA Financial

2   Corporation ("IMA Financial").

3       M.   On July 28, 2011 a stipulation and proposed order was filed in which the parties who signed

4   the stipulation agreed that the signing defendants would be deemed to have denied each and every

5   allegation in the SAC and would be deemed to have filed crossclaims and counterclaims for

6   contribution and indemnity.

7       N.   The Individual McCorduck Defendants and IMA Financial were not parties to the July 28,

8   2011 stipulation and proposed order because they had not yet been served with the SAC or waived

9   service.

10      O.   On August 3, 2011 the Court filed an order approving the July 28, 2011 stipulation.

11      P.   The Individual McCorduck Defendants and IMA Financial then waived service of the SAC.

12      Q.   On August 24, 2011 Defendants Stark Investment Company and The Kirrberg Corporation

13  fka Multimatic Corporation filed a Fourth Amended Third Party Complaint for CERCLA Contribution,

14  Declaratory Relief and Equitable Indemnity against Dorothy Anderson in her capacity as Trustee of The

15  Anderson Marital Trust and Anderson Tax Deferral Trust.

16      R.   On September 13, 2011 Third-Party Defendant Dorothy Anderson filed a Motion to Dismiss

17  and Strike Kirrberg Corporation's and Stark Investment Company's Fourth Amended Third Party

18  Complaint ("FATC") or, in the Alternative, Motion for a More Definite Statement.

19      S.   On October 24, 2011 the Court denied those motions.

20      T.   On October 25, 2011 a stipulation and proposed order was filed in which the parties who

21  signed the stipulation to the SAC agreed that the signing defendants, the Individual McCorduck

22  Defendants and IMA Financial, would be deemed to have denied each and every allegation in the SAC

23  and would be deemed to have filed crossclaims and counterclaims for contribution and indemnity

24  (except for crossclaims and counterclaims as between the Individual McCorduck Defendants, IMA

25  Financial and/or McCorduck Properties Livermore, LLC).

26      U.   On October 27, 2011 the Court filed an order approving the October 25, 2011 stipulation,

27  which is not superseded or altered hereby.

28  / / /

STIPULATION AND [PROPOSED] ORDER RE RESPONSE TO THIRD PARTY COMPLAINT

1    Therefore, in the interest of judicial economy, pursuant to Local Rule 6-1(b) and 7-12, the parties

2    below hereby agree and stipulate as follows:

3                                           **STIPULATION**

4        1.   Third-Party Defendant Dorothy Anderson, as Trustee of The Anderson Marital Trust and

5    Anderson Tax Deferral Trust, shall be deemed to have denied each and every allegation in the FATC.

6        2.   Third-Party Defendant Dorothy Anderson, as Trustee of The Anderson Marital Trust and

7    Anderson Tax Deferral Trust, shall be deemed to have filed counterclaims for contribution and

8    indemnity against Third-Party Plaintiffs Stark Investment Company and The Kirrberg Corporation fka

9    Multimatic Corporation, and shall be deemed to have filed crossclaims and/or counterclaims against

10   all other parties in the Current Action for contribution and indemnity.

11       3.   Plaintiff and each defendant who have signed this stipulation and proposed order shall be

12   deemed to have filed crossclaims and/or counterclaims against Third-Party Defendant Dorothy

13   Anderson, as Trustee of The Anderson Marital Trust and Anderson Tax Deferral Trust, for contribution

14   and indemnity.  Plaintiff reserves the right to amend its complaint to add or remove allegations, to add

15   new parties, or to make any other changes consistent with the Federal Rules of Civil Procedure.

16       4.   Third-Party Defendant Dorothy Anderson, as Trustee of The Anderson Marital Trust and

17   Anderson Tax Deferral Trust, reserves her right to supplement her response to the FATC, and may file

18   an answer and separate crossclaims and/or counterclaims at a later date, but no later than 60 days

19   following the conclusion of mediation with mediator Timothy Gallagher, currently underway.

20   Mediation will be concluded at such time as: (a) a settlement is reached, or (b) the mediator issues a

21   letter concluding that a settlement has not been reached and the mediation is concluded.  Third-Party

22   Defendant Dorothy Anderson, as Trustee of The Anderson Marital Trust and Anderson Tax Deferral

23   Trust, has not waived her right to assert affirmative defenses or to file crossclaims and/or counterclaims.

24       5.   Third-Party Defendant Dorothy Anderson, as Trustee of The Anderson Marital Trust and

25   Anderson Tax Deferral Trust, further reserves her right to bring in and file claims against additional

26   parties who are not parties to this Current Action, and reserves any and all rights against such additional

27   third parties.

28   ///

STIPULATION AND [PROPOSED] ORDER RE RESPONSE TO THIRD PARTY COMPLAINT

1    Wherefore, the parties respectfully request that the Court approve this Stipulation.

2
                                          Respectfully submitted,
3
     DATED: November 10, 2011              PALADIN LAW GROUP® LLP
4
                                          By: /s/  *Brian R. Paget*
5                                             _____

6                                             John R. Till
                                              Brian R. Paget
7                                             Attorneys for Third-Party Defendant
                                              DOROTHY ANDERSON, Trustee of The
                                              Anderson Marital Trust and The Anderson Tax
8                                             Deferral Trust

9
     DATED: November 10, 2011              COX, CASTLE & NICHOLSON LLP
10
                                          By: /s/  *Peter M. Morrisette*
11                                            _____

12                                            Stuart I. Block
                                              Peter M. Morrisette
                                              Attorneys for Plaintiff
13                                            PALMTREE ACQUISITION CORPORATION,
                                              a Delaware corporation f/k/a Catellus
14                                            Development Corporation

15
     DATED: November 10, 2011              BASSI EDLIN HUIE & BLUM LLP
16
                                          By: /s/  *Noel Edlin*
17                                            _____

                                              Noel Edlin
18                                            Attorneys for Defendants
                                              MICHAEL R. NEELY, an individual; PERRY J.
19                                            NEELY, an individual; GARY NEELY, an
                                              individual; MICHAEL R. NEELY, PERRY J.
20                                            NEELY and GARY NEELY dba MIKE'S ONE
                                              HOUR CLEANERS
21

22   DATED: November 10, 2011              GONSALVES & KOZACHENKO

23                                        By: /s/  *Selena P. Ontiveros*
                                              _____
24                                            Selena P. Ontiveros
                                              Attorneys for Defendant and Third-Party Plaintiff
25                                            STARK INVESTMENT COMPANY, a
                                              California limited partnership
26

27   / / /

28



STIPULATION AND [PROPOSED] ORDER RE RESPONSE TO THIRD PARTY COMPLAINT

1     DATED: November 10, 2011        DONGELL LAWRENCE FINNEY LLP

2                         By: /s/ *Ian P. Culver*

                            _____

3                         Thomas F. Vandenburg
                        Ian P. Culver

4                         Attorneys for Defendant and Third-Party Plaintiff
                        KIRRBERG CORPORATION, formerly known

5                         as MULTIMATIC CORPORATION, a New
                        Jersey corporation

6

7     DATED: November 10, 2011        ROGERS JOSEPH O'DONNELL

8                         By: /s/ *D. Kevin Shipp*

                            _____

9                         Robert C. Goodman
                        D. Kevin Shipp

10                        Attorneys for Defendants
                       CHARLES FREDERICK HARTZ dba PAUL'S

11                        SPARKLE CLEANERS; CHARLES F. HARTZ,
                       an individual

12

13     DATED: November 10, 2011        GORDON WATROUS RYAN
                        LANGLEY BRUNO & PALTENGHI INC.

14

                        By: /s/ *Bruce Clinton Paltenghi*

15                           _____

                        Bruce Clinton Paltenghi

16                        Attorneys for Defendants
                       McCORDUCK PROPERTIES LIVERMORE,

17                        LLC, a Delaware limited liability company
                       individually and as the successor to JOHN

18                        McCORDUCK, KATHLEEN McCORDUCK,
                       PAMELA McCORDUCK, SANDRA

19                        McCORDUCK MARONA and IMA
                       FINANCIAL CORPORATION, a California

20                        corporation, and for JOHN McCORDUCK;
                       individually; KATHLEEN McCORDUCK,

21                        individually; PAMELA McCORDUCK,
                       individually; SANDRA McCORDUCK

22                        MARONA; individually

23     DATED: November 10, 2011        STANZLER LAW GROUP

24

                        By: /s/ *Jordan S. Stanzler*

25                           _____

                        Jordan S. Stanzler

26                        Attorneys for Defendant
                       IMA FINANCIAL CORPORATION, a

27                        California corporation

28   / / /

STIPULATION AND [PROPOSED] ORDER RE RESPONSE TO THIRD PARTY COMPLAINT

1   DATED: November 10, 2011          FOLEY MCINTOSH FREY & CLAYTOR

2                                     By: /s/  *James D. Claytor*
                                          _____
3                                         James D. Claytor
                                          Attorneys for Defendant
4                                         WESTERN STATES DESIGN, a California
                                          corporation
5

6   DATED: November 10, 2011          THE COSTA LAW FIRM

7                                     By: /s/  *Daniel P. Costa*
                                          _____
8                                         Daniel P. Costa
                                          Attorneys for Defendant
9                                         STARK INVESTMENT COMPANY

10

11  IT IS SO ORDERED.

12

13  DATED:  _____11/14/11_____

14                                    _____

15

16

17

18

19

20

21

22

23

24

25

26

27



28

-8-                                           08-CV- 3168-EMC

STIPULATION AND [PROPOSED] ORDER RE RESPONSE TO THIRD PARTY COMPLAINT