Paul Kozachenko, Esq., SBN: 104601
Selena P. Ontiveros, Esq., SBN: 211790
GONSALVES & KOZACHENKO
1133 Auburn Street
Fremont, CA 94538
Telephone: (510) 770-3900
Facsimile: (510) 657-9876

Attorneys for Defendant
and Third Party Plaintiff
Stark Investment Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALMTREE ACQUISITION CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL R. NEELY, an individual, PERRY J. NEELY, an individual; GARY NEELY, an individual; MICHAEL R. NEELY, PERRY J. NEELY and GARY NEELY dba MIKE'S ONE HOUR CLEANERS; CHARLES FREDERICK HARTZ dba PAUL'S SPARKLE CLEANERS; CHARLES F. HARTZ, an individual; MULTIMATIC CORPORATION, a New Jersey corporation; WESTERN STATES DESIGN, a California corporation; MCCORDUCK PROPERTIES LIVERMORE, LLC, a Delaware limited liability company individually and as the successor to JOHN MCCORDUCK, KATHLEEN MCCORDUCK, PAMELA MCCORDUCK, SANDRA MCCORDUCK MARONA, and IMA FINANCIAL CORPORATION, a California corporation; STARK INVESTMENT COMPANY, a California general partnership; GRUBB & ELLIS REALTY INCOME TRUST, LIQUIDATING TRUST, a California trust; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 08-CV-3168-EMC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** ; ORDER<br><br>Hon. Edward M. Chen<br><br>Date: July 20, 2012<br>Time: 9:00 a.m.<br>Courtroom: 5, 17th floor |

THE KIRRBERG CORPORATION, formerly known as MULTIMATIC CORPORATION, a New Jersey corporation; and STARK INVESTMENT COMPANY, L.P., a California limited partnership,

                Third Party Plaintiffs,

      v.

DOROTHY ANDERSON, Trustee of The Anderson Marital Trust, dated February 28, 1979, as amended and restated August 31, 1994; and DOROTHY ANDERSON, Trustee of The Anderson Tax Deferral Trust, dated February 28, 1979, as amended and restated August 31, 1994,

       Third Party Defendants.

The parties who have appeared in the above-captioned environmental action have met and conferred and except for Western States Design, jointly submit the following Joint Case Management Conference Statement.

1.   <u>Date case was filed</u>: This case was filed on July 1, 2008.  The Second Amended Complaint was filed on July 14, 2011 and the Fourth Amended Third Party Complaint was filed on August 24, 2011.

2.   <u>List or description of all parties</u>:  The parties to this case are as follows:

a.   Plaintiff Palmtree Acquisition Corporation, former owner of the Livermore Arcade Shopping Center ("LASC"), one of two shopping centers comprising the subject property;

b.   Defendant and Third Party Plaintiff Stark Investment Company, former owner of the LASC and Miller's Outpost Shopping Center ("MOSC"), the second shopping center comprising the subject property;

c.   Defendant and Third Party Plaintiff The Kirrberg Corporation fka Multimatic Corporation, manufacturer of the dry cleaning machine at the LASC;

d.   Defendants Michael R. Neely, Perry J. Neely and Gary Neely, individually and dba Mike's One Hour Cleaners, the dry cleaning operator at the LASC;

e.   Defendant Charles Hartz, individually and dba Paul's Sparkle Cleaners, the dry cleaning operator at the MOSC;

f.   Defendant Western States Design, distributor of the dry cleaning machine at the LASC;

g.   Defendant McCorduck Properties Livermore, LLC, current owner of the MOSC;

h.   Defendants John McCorduck, Kathleen McCorduck, Pamela McCorduck and Sandra McCorduck Marona are former owners of the MOSC;

i.   Defendant IMA Financial Corporation, former owner of the MOSC; and

j.   Third Party Defendant Dorothy Anderson, Trustee of The Anderson Marital Trust, dated February 28, 1979, as amended and restated August 31, 1994 and The Anderson Tax Deferral Trust, dated February 28, 1979, as amended and restated August 31, 1994, current owners of the LASC.

3.   Summary of all claims, counter-claims, cross-claims, third party claims:

a.   Plaintiff claims (1) contribution under CERCLA Sections 107(a) and (e)(2), 42 U.S.C. §§ 9607(a) and (e)(2), against all Defendants; (2) Declaratory Relief under CERCLA against all Defendants; (3) Continuing Public Nuisance against all Defendants; (4) Negligence against Defendants Neelys, Multimatic and Western States Design; (5) Equitable Indemnity against all Defendants; and (6) Declaratory Relief under state law against all Defendants.

b.   Third Party Plaintiffs claim (1) costs under CERCLA Sections 107(a) and (e)(2), 42 U.S.C. §§ 9607(a) and (e)(2); (2) Declaratory Relief under CERCLA; (3) Equitable Indemnity; and (4) Declaratory Relief under state law against all Third Party Defendants.

4.   Brief description of the event underlying the action: This action is a "re-opener" of a prior action that was conditionally settled.  The prior action was filed on February 3, 1993 in the United States District Court for the Northern District of California and entitled *Grubb & Ellis Realty Income Trust, Liquidating Trust v. Catellus Development Corp., et al.,* and related cross-actions, Case No. C93-0383 SBA ("Prior Action").  The Prior Action concerned the alleged release of dry cleaning solvent perchloroethylene ("PCE") from the dry cleaning establishments at the LASC and MOSC in Livermore, California.  The California Regional Water Quality Control Board ("RWQCB") had issued an Order to the potentially responsible parties consisting of dry cleaning operators and property owners to remediate the soil and groundwater impacted by PCE

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

contamination from the centers.  Following settlement of the Prior Action, certain parties requested, and the RWQCB granted, the establishment of a Containment Zone with a Contingency Plan and the RWQCB issued a new order in 1996 to that effect.  However, on March 17, 2008 and March 21, 2008, the RWQCB issued Directives requiring further investigation and monitoring of the PCE contamination, which also potentially impacted the deeper aquifer, thereby allegedly triggering the "re-opener" provision in the settlement agreement.  Plaintiff Palmtree Acquisition Corporation thereafter filed this action on July 1, 2008, seeking contribution under CERCLA and damages pursuant to the "re-opener" provision, among other claims.

5.     Description of relief sought and damages claimed with an explanation as to how damages are computed:  The parties seek both declaratory and monetary relief through the Second Amended Complaint, the Fourth Amended Third Party Complaint and various cross-claims and counter-claims which were deemed filed pursuant to Stipulations and Orders filed on August 3, 2011, October 27, 2011 and November 14, 2011.  The parties seek reimbursement and contribution of the amounts spent thus far on investigative costs (over $1,000,000) as well as an allocation of future investigative costs and remedial measures (to be determined) under CERCLA.  The parties also seek monetary damages for nuisance and negligence.

6.     Status of discovery (including any limits or cutoff dates): Since September 2008, discovery has been stayed, including initial disclosures, so that the parties could engage in mediation.  These parties have been mediating this matter with Timothy Gallagher, Esq., along with other potentially responsible parties, and are continuing to do so, while simultaneously working cooperatively as a group to respond to the RWQCB's directives and requirements. Indeed, Plaintiff and Defendants, with the exception of Grubb & Ellis Realty Income Trust, Liquidating Trust, have thus far spent over $1,000,000 since March 2008 in their response efforts, including jointly hiring a project manager and technical consultant; directing investigative measures and submitting a final technical investigative report; submitting a work plan, directing work thereunder and submitting a remedial investigation report with technical findings and proposed remedial alternatives; and coordinating among the various regulatory agencies.  The RWQCB has reviewed the remedial investigation report and the responding parties have hired a

1  contractor to prepare and submit the remedial action plan.  Negotiations are under way between the

2  responding parties and contractor for the implementation of the remedial action plan.   The parties

3  are very close to finalizing a settlement among them and are hopeful that a settlement can be

4  finalized during the third quarter of this year.  The parties would like to continue working

5  cooperatively towards resolution of this matter and thus propose that the discovery stay be

6  continued.

7       7.  <u>Procedural history of the case including previous motions decided and/or submitted,</u>

8  <u>ADR proceedings or settlement conferences scheduled or concluded, appellate proceedings</u>

9  <u>pending or concluded, and any previous referral to a magistrate judge</u>:  As described above, the

10  parties have been mediating among themselves before Timothy Gallagher, Esq.  This case was

11  initially referred to Magistrate Judge Chen but then transferred to Judge Patel on April 2, 2010 and

12  then reassigned to Judge Chen on June 6, 2011.   Motions previously decided in this case consist

13  of:

14       a.  Application for good faith settlement determination by Plaintiff Palmtree

15  Acquisition Corporation and Defendant Northrop Grumman Systems Corporation, granted October

16  4, 2010.

17       b.  Motion to dismiss the First Amended Third Party Complaint by Third Party

18  Defendant Melinda Ellis Evers, Successor Trustee of the Harold A. Ellis, Jr. Revocable Inter Vivos

19  Trust, granted without prejudice on October 4, 2010.

20       c.  Motion to dismiss the Second Amended Third Party by Third Party

21  Defendant Melinda Ellis Evers, Successor Trustee of the Harold A. Ellis, Jr. Revocable Inter Vivos

22  Trust, granted with prejudice on February 11, 2011.

23       d.  Motion to dismiss one cause of action from the Third Amended Third Party

24  Complaint, or in the alternative, for a more definite statement by Third Party Defendant Dorothy

25  Anderson, granted without prejudice on August 4, 2011.

26       e.  Motion to dismiss the Fourth Amended Third Party Complaint by Third

27  Party Defendant Dorothy Anderson, denied on October 24, 2011.

28  ///

8.      Other deadlines in place (before reassignment), including those for dispositive motions, pretrial conferences, and trials:  None.

9.      Any requested modification of these dates and reason for the request:  None.

10.     Whether the parties will consent to a magistrate judge for trial:  The parties to this Joint Case Management Conference Statement do not consent to a magistrate judge for trial.

11.     Whether Judge Chen has previously conducted a settlement conference in this case, and if so, whether the parties stipulate to him handling this case for trial pursuant to ADR Local Rule 7-2 or request his recusal:  Judge Chen has not previously conducted a settlement conference in this case.

12.     If there exists an immediate need for a case management conference to be scheduled in the action: The parties believe that substantial progress has been made and is still being made to amicably resolve this matter through mediation.  The parties hope to finalize the settlement by the third quarter of this year and the parties will apply to the Court for a good faith settlement determination.

There is no immediate need for a case management conference to be scheduled.  The parties propose the scheduling of a further case management conference in six months, in December 2012, so that they may continue with mediation efforts and finalize a settlement.


DATED:  July 13, 2012                          GONSALVES & KOZACHENKO

                                               By:   /s/ Selena P. Ontiveros
                                                     Selena P. Ontiveros

                                               Attorneys for Defendant & Third Party
                                               Plaintiff Stark Investment Company, a
                                               California limited partnership


DATED:  July 13, 2012                          The Costa Law Firm

                                               By:   /s/ Daniel P. Costa
                                                     Daniel P. Costa

                                               Attorneys for Defendant & Third Party
                                               Plaintiff Stark Investment Company, a
                                               California limited partnership

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

DATED:  July 13, 2012

Cox, Castle & Nicholson, LLP

By:   /s/ Stuart I. Block
            Stuart I. Block

Attorneys for Plaintiff Palmtree Acquisition Corporation, a Delaware corporation f/k/a Catellus Development Corporation

DATED:  July 13, 2012

BASSI, EDLIN, HUIE & BLUM LLP

By:   /s/ Noel Edlin
            Noel Edlin

Attorneys for Defendants Michael R. Neely, Perry J. Neely, and Gary Neely, dba Mike's One Hour Cleaners

DATED:  July 13, 2012

Dongell Lawrence Finney, LLP

By:   /s/ Thomas A. Vandenberg
            Thomas A. Vandenberg

Attorneys for Defendant & Third Party Plaintiff The Kirrberg Corporation f/k/a Multimatic Corporation

DATED:  July 13, 2012

Rogers Joseph O'Donnell

By:   /s/ D. Kevin Shipp
            D. Kevin Shipp

Attorneys for Defendant Charles Frederick Hartz, dba Paul's Sparkle Cleaners

DATED:  July 13, 2012

Gordon, Watrous, Ryan, Langley, Bruno & Paltenghi

By:   /s/ Bruce C. Paltenghi
            Bruce C. Paltenghi

Attorneys for Defendant McCorduck Properties Livermore, LLC, a Delaware limited liability company; John McCorduck; Kathleen McCorduck; Pamela McCorduck; and Sandra McCorduck Marona

1   DATED:  July 13, 2012                   Castellon & Funderburk LLP

2                                      By: _____*/s/ Ruben A. Castellon*_____

3                                         Ruben A. Castellon

4                                    Attorneys for Defendant McCorduck
                                    Properties Livermore, LLC, a Delaware
5                                    limited liability company

6

7   DATED:  July 13, 2012                   Stanzler Law Group

8                                        By: _____*/s/ Jordan S. Stanzler*_____
                                         Jordan S. Stanzler

9

10                                Attorneys for Defendant IMA Financial
                                  Corporation, a California corporation

11

12   DATED:  July 13, 2012                 Paladin Law Group LLP

13                                    By: _____*/s/ Brian R. Paget*_____
                                         Brian R. Paget

14

15                                Attorneys for Third Party Defendant Dorothy
                                Anderson, Trustee of the Anderson Marital
16                                Trust and The Anderson Tax Deferral Trust

17

18     IT IS SO ORDERED that the CMC is reset from 7/20/12 to 12/14/12 at 9:00 a.m.  A joint
   CMC Statement shall be filed by 12/7/12.
19

20

21   _____
   Edward M. Chen
22   U.S. District Judge



23

24

25

26

27

28