1  Paul Kozachenko, Esq., SBN: 104601
   Selena P. Ontiveros, Esq., SBN: 211790
2  GONSALVES & KOZACHENKO
   1133 Auburn Street
3  Fremont, CA  94538
   Telephone: (510) 770-3900
4  Facsimile: (510) 657-9876

5  Attorneys for Defendant
   and Third Party Plaintiff
6  Stark Investment Company

7

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11 | PALMTREE ACQUISITION                          | Case No.  08-CV-3168-EMC
   | CORPORATION,  a Delaware corporation,         |
12 |                                               | **JOINT CASE MANAGEMENT
   |                   Plaintiff,                  | CONFERENCE STATEMENT**
13 |                                               | ORDER RESETTING CMC
   |         vs.                                   | Hon. Edward M. Chen
14 |                                               |
   | MICHAEL R. NEELY, an individual, PERRY        | Date:   December 14, 2012
15 | J. NEELY, an individual; GARY NEELY, an       | Time:  9:00 a.m.
   | individual; MICHAEL R. NEELY, PERRY J.        | Courtroom:  5, 17th floor
16 | NEELY and GARY NEELY dba MIKE'S ONE
   | HOUR CLEANERS; CHARLES FREDERICK
17 | HARTZ dba PAUL'S SPARKLE CLEANERS;
   | CHARLES F. HARTZ, an individual;
18 | MULTIMATIC CORPORATION, a New
   | Jersey corporation; WESTERN STATES
19 | DESIGN, a California corporation;
   | MCCORDUCK PROPERTIES LIVERMORE,
20 | LLC, a Delaware limited liability company
   | individually and as the successor to JOHN
21 | MCCORDUCK, KATHLEEN MCCORDUCK,
   | PAMELA MCCORDUCK, SANDRA
22 | MCCORDUCK MARONA, and IMA
   | FINANCIAL CORPORATION, a California
23 | corporation; STARK INVESTMENT
   | COMPANY, a California general partnership;
24 | GRUBB & ELLIS REALTY INCOME
   | TRUST, LIQUIDATING TRUST, a California
25 | trust; and DOES 1-20, inclusive,

26                 Defendants.

27

28

                                           1                       08-CV-3168-EMC
                    JOINT CASE MANAGEMENT CONFERENCE STATEMENT

THE KIRRBERG CORPORATION, formerly known as MULTIMATIC CORPORATION, a New Jersey corporation; and STARK INVESTMENT COMPANY, L.P., a California limited partnership,

        Third Party Plaintiffs,

   v.

DOROTHY ANDERSON, Trustee of The Anderson Marital Trust, dated February 28, 1979, as amended and restated August 31, 1994; and DOROTHY ANDERSON, Trustee of The Anderson Tax Deferral Trust, dated February 28, 1979, as amended and restated August 31, 1994,

        Third Party Defendants.

The parties who have appeared in the above-captioned environmental action have met and conferred and jointly submit the following Joint Case Management Conference Statement.

1. <u>Date case was filed</u>: This case was filed on July 1, 2008.  The Second Amended Complaint was filed on July 14, 2011 and the Fourth Amended Third Party Complaint was filed on August 24, 2011.

2. <u>List or description of all parties</u>:  The parties to this case are as follows:

    a.  Plaintiff Palmtree Acquisition Corporation, successor to a former owner of the Livermore Arcade Shopping Center ("LASC"), one of two shopping centers comprising the subject property;

    b.  Defendant and Third Party Plaintiff Stark Investment Company, former owner of the LASC and Miller's Outpost Shopping Center ("MOSC"), the second shopping center comprising the subject property;

    c.  Defendant and Third Party Plaintiff The Kirrberg Corporation fka Multimatic Corporation, manufacturer of the dry cleaning machine at the LASC;

    d.  Defendants Michael R. Neely, Perry J. Neely and Gary Neely, individually and dba Mike's One Hour Cleaners, the dry cleaning operator at the LASC;

    e.  Defendant Charles Hartz, individually and dba Paul's Sparkle Cleaners, the dry cleaning operator at the MOSC;

     f. Defendant Western States Design, distributor of the dry cleaning machine at the LASC;

     g. Defendant McCorduck Properties Livermore, LLC, current owner of the MOSC;

     h. Defendants John McCorduck, Kathleen McCorduck, Pamela McCorduck and Sandra McCorduck Marona, former owners of the MOSC;

     i. Defendant IMA Financial Corporation, former owner of the MOSC; and

     j. Third Party Defendant Dorothy Anderson, Trustee of The Anderson Marital Trust, dated February 28, 1979, as amended and restated August 31, 1994 and The Anderson Tax Deferral Trust, dated February 28, 1979, as amended and restated August 31, 1994, current owners of the LASC.

  3. <u>Summary of all claims, counter-claims, cross-claims, third party claims</u>:

     a. Plaintiff claims (1) contribution under CERCLA Sections 107(a) and (e)(2), 42 U.S.C. §§ 9607(a) and (e)(2), against all Defendants; (2) Declaratory Relief under CERCLA against all Defendants; (3) Continuing Public Nuisance against all Defendants; (4) Negligence against Defendants Neelys, Multimatic and Western States Design; (5) Equitable Indemnity against all Defendants; and (6) Declaratory Relief under state law against all Defendants.

     b. Third Party Plaintiffs claim (1) costs under CERCLA Sections 107(a) and (e)(2), 42 U.S.C. §§ 9607(a) and (e)(2); (2) Declaratory Relief under CERCLA; (3) Equitable Indemnity; and (4) Declaratory Relief under state law against all Third Party Defendants.

  4. <u>Brief description of the event underlying the action</u>: This action is a "re-opener" of a prior action that was conditionally settled. The prior action was filed on February 3, 1993 in the United States District Court for the Northern District of California and entitled *Grubb & Ellis Realty Income Trust, Liquidating Trust v. Catellus Development Corp., et al.,* and related cross-actions, Case No. C93-0383 SBA ("Prior Action"). The Prior Action concerned the alleged release of dry cleaning solvent perchloroethylene ("PCE") from the dry cleaning establishments at the LASC and MOSC in Livermore, California. The California Regional Water Quality Control Board ("RWQCB") had issued an Order to the potentially responsible parties consisting of dry cleaning operators and property owners to remediate the soil and groundwater impacted by PCE

1  contamination from the centers.  Following settlement of the Prior Action, certain parties
2  requested, and the RWQCB granted, the establishment of a Containment Zone with a Contingency
3  Plan and the RWQCB issued a new order in 1996 to that effect.  However, on March 17, 2008 and
4  March 21, 2008, the RWQCB issued Directives requiring further investigation and monitoring of
5  the PCE contamination, which also potentially impacted the deeper aquifer, thereby allegedly
6  triggering the "re-opener" provision in the settlement agreement.  Plaintiff Palmtree Acquisition
7  Corporation thereafter filed this action on July 1, 2008, seeking contribution under CERCLA and
8  damages pursuant to the "re-opener" provision, among other claims.

9         5.     <u>Description of relief sought and damages claimed with an explanation as to how</u>
10 <u>damages are computed</u>:  The parties seek both declaratory and monetary relief through the Second
11 Amended Complaint, the Fourth Amended Third Party Complaint and various cross-claims and
12 counter-claims which were deemed filed pursuant to Stipulations and Orders filed on August 3,
13 2011, October 27, 2011 and November 14, 2011.  The parties seek reimbursement and contribution
14 of the amounts spent thus far on investigative costs (over $1,000,000) as well as an allocation of
15 future investigative costs and remedial measures (to be determined) under CERCLA.  The parties
16 also seek monetary damages for nuisance and negligence.

17        6.     <u>Status of discovery (including any limits or cutoff dates)</u>: Since September 2008,
18 discovery has been stayed, including initial disclosures, so that the parties could engage in
19 mediation.  These parties have been mediating this matter with Timothy Gallagher, Esq., along
20 with other potentially responsible parties, and are continuing to do so, while simultaneously
21 working cooperatively as a group to respond to the RWQCB's directives and requirements.
22 Indeed, Plaintiff and Defendants, with the exception of Grubb & Ellis Realty Income Trust,
23 Liquidating Trust, have thus far spent over $1,000,000 since March 2008 in their response efforts,
24 including jointly hiring a project manager and technical consultant; directing investigative
25 measures and submitting a final technical investigative report; submitting a work plan, directing
26 work thereunder and submitting a remedial investigation report with technical findings and
27 proposed remedial alternatives; submitted a remedial action plan; and coordinating among the
28 various regulatory agencies.  The RWQCB is currently reviewing the remedial action plan and

negotiations are under way between the responding parties and a contractor for the implementation of the remedial action plan.  The parties have nearly finalized a settlement among them, which is contingent upon a settlement in another state court case, and are hopeful that a settlement can be finalized in both actions by the end of 2012 or at the latest, first quarter of 2013.  The parties would like to continue working cooperatively towards resolution of this matter and thus propose that the discovery stay be continued.

7. <u>Procedural history of the case including previous motions decided and/or submitted, ADR proceedings or settlement conferences scheduled or concluded, appellate proceedings pending or concluded, and any previous referral to a magistrate judge</u>:  As described above, the parties have been mediating among themselves before Timothy Gallagher, Esq.  This case was initially referred to Magistrate Judge Chen but then transferred to Judge Patel on April 2, 2010 and then reassigned to Judge Chen on June 6, 2011.   Motions previously decided in this case consist of:

a. Application for good faith settlement determination by Plaintiff Palmtree Acquisition Corporation and Defendant Northrop Grumman Systems Corporation, granted October 4, 2010.

b. Motion to dismiss the First Amended Third Party Complaint by Third Party Defendant Melinda Ellis Evers, Successor Trustee of the Harold A. Ellis, Jr. Revocable Inter Vivos Trust, granted without prejudice on October 4, 2010.

c. Motion to dismiss the Second Amended Third Party by Third Party Defendant Melinda Ellis Evers, Successor Trustee of the Harold A. Ellis, Jr. Revocable Inter Vivos Trust, granted with prejudice on February 11, 2011.

d. Motion to dismiss one cause of action from the Third Amended Third Party Complaint, or in the alternative, for a more definite statement by Third Party Defendant Dorothy Anderson, granted without prejudice on August 4, 2011.

e. Motion to dismiss the Fourth Amended Third Party Complaint by Third Party Defendant Dorothy Anderson, denied on October 24, 2011.

///

8. <u>Other deadlines in place (before reassignment), including those for dispositive motions, pretrial conferences, and trials</u>:  None.

9. <u>Any requested modification of these dates and reason for the request</u>:  None.

10. <u>Whether the parties will consent to a magistrate judge for trial</u>:  The parties to this Joint Case Management Conference Statement do not consent to a magistrate judge for trial.

11. <u>Whether Judge Chen has previously conducted a settlement conference in this case, and if so, whether the parties stipulate to him handling this case for trial pursuant to ADR Local Rule 7-2 or request his recusal</u>:  Judge Chen has not previously conducted a settlement conference in this case.

12. <u>If there exists an immediate need for a case management conference to be scheduled in the action</u>: The parties believe that substantial progress has been made and is still being made to amicably resolve this matter through mediation.  The parties are optimistic that they can finalize the settlement by the end of this year or the first quarter of 2013, and the parties will apply to the Court for a good faith settlement determination.  The settlement process has been a bit protracted because of the need to settle claims arising in another state court case involving one of the Defendants here.

There is no immediate need for a case management conference to be scheduled.  The parties propose the scheduling of a further case management conference in six months, in June 2013, so that they may continue with mediation efforts and finalize a settlement.

DATED:  December 4, 2012                    GONSALVES & KOZACHENKO

By:  */s/ Selena P. Ontiveros*
      Selena P. Ontiveros

Attorneys for Defendant & Third Party Plaintiff Stark Investment Company, a California limited partnership

DATED:  December 7, 2012                    The Costa Law Firm

By:  */s/ Daniel P. Costa*
      Daniel P. Costa

Attorneys for Defendant & Third Party Plaintiff Stark Investment Company, a California limited partnership

| | | |
|---|---|---|
| 1 | DATED:  December 4, 2012 | Cox, Castle & Nicholson, LLP |
| 2 | | By:   */s/ Peter Morrisette* |
| 3 | | Peter Morrisette |
| 4 | | Attorneys for Plaintiff Palmtree Acquisition Corporation, a Delaware corporation f/k/a Catellus Development Corporation |
| 6 | DATED:  December 7, 2012 | Claytor Law Group |
| 7 | | By:   */s/ James D. Claytor* |
| 8 | | James D. Claytor |
| 9 | | Attorneys for Defendant Western State Design, a California corporation |
| 11 | DATED:  December 4, 2012 | BASSI, EDLIN, HUIE & BLUM LLP |
| 12 | | By:   */s/ Farheena Habib* |
| | | Farheena Habib |
| 14 | | Attorneys for Defendants Michael R. Neely, Perry J. Neely, and Gary Neely, dba Mike's One Hour Cleaners |
| 16 | DATED:  December 7, 2012 | Dongell Lawrence Finney, LLP |
| 17 | | By:   */s/ Thomas A. Vandenberg* |
| | | Thomas A. Vandenberg |
| 19 | | Attorneys for Defendant & Third Party Plaintiff The Kirrberg Corporation f/k/a Multimatic Corporation |
| 21 | DATED:  December 7, 2012 | Rogers Joseph O'Donnell |
| 22 | | By:   */s/ D. Kevin Shipp* |
| 23 | | D. Kevin Shipp |
| 24 | | Attorneys for Defendant Charles Frederick Hartz, dba Paul's Sparkle Cleaners |

| | | |
|---|---|---|
| 1 | DATED:  December 7, 2012 | Gordon, Watrous, Ryan, Langley, Bruno & Paltenghi |
| 2 | | |
| 3 | | By:  _/s/ Bruce C. Paltenghi_<br>          Bruce C. Paltenghi |
| 4 | | Attorneys for Defendant McCorduck Properties Livermore, LLC, a Delaware limited liability company; John McCorduck; Kathleen McCorduck; Pamela McCorduck; and Sandra McCorduck Marona |
| 8 | DATED:  December 7, 2012 | Stanzler Law Group |
| 9 | | By:  _/s/ Jordan S. Stanzler_<br>          Jordan S. Stanzler |
| 10-11 | | Attorneys for Defendant IMA Financial Corporation, a California corporation |
| 12-13 | DATED:  December 7, 2012 | Paladin Law Group LLP |
| 14 | | By:  _/s/ John Till_<br>          John Till |
| 15-16 | | Attorneys for Third Party Defendant Dorothy Anderson, Trustee of the Anderson Marital Trust and The Anderson Tax Deferral Trust |

**Filer's Attestation:** Pursuant to Local Rule 5-1(i), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from its signatories.

DATED:  December 7, 2012                              Respectfully submitted,

                                                                                _/s/ Selena P. Ontiveros_
                                                                                Selena P. Ontiveros

IT IS SO ORDERED that the CMC is reset from 12/14/12 to 6/27/13 at 9:00 a.m.  A joint CMC statement shall be filed by 6/20/13.

_____
Edward M. Chen
U.S. District Judge

[SEAL: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED AS MODIFIED — Judge Edward M. Chen]