NOEL EDLIN (SBN 107796)
nedlin@behblaw.com
FARHEENA A. HABIB (SBN 243405)
fhabib@behblaw.com
BASSI, EDLIN, HUIE & BLUM LLP
500 Washington Street, Suite 700
San Francisco, CA 94111
Telephone: (415) 397-9006
Facsimile: (415) 397-1339

Attorneys for MICHAEL R. NEELY, PERRY J. NEELY & GARY NEELY, INDIVIDUALLY & dba MIKE'S ONE HOUR CLEANERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PALMTREE ACQUISITION CORPORATION, a Delaware Corporation,

Plaintiffs,

vs.

MICHAEL R. NEELY, an individual; PERRY J. NEELY, an individual; GARY NEELY, an individual; MICHAEL R. NEELY, PERRY J. NEELY and GARY NEELY dba MIKE'S ONE HOUR CLEANERS; CHARLES FREDERICK HARTZ dba PAUL'S SPARKLE CLEANERS, CHARLES F. HARTZ, an individual; MULTIMATIC CORPORATION, a New Jersey corporation; WESTERN STATE DESIGN, a California Corporation; MCCORDUCK PROPERTIES LIVERMORE, LLC, a Delaware limited liability company individually and as the successor to JOHN MCCORDUCK, KATHLEEN MCCORDUCK, PAMELA MCCORDUCK, SANDRA MCCORDUCK MARONA, and IMA FINANCIAL CORPORATION, a California corporation; STARK INVESTMENT COMPANY, a California general partnership; GRUBB & ELLIS REALTY INCOME TRUST, LIQUIDATING TRUST, a California trust; and DOES 1-20, inclusive,

Defendants.

Case No.: CV 08 3168 EMC
*[Hon. Edward M. Chen]*

**JOINT STIPULATION OF GOOD FAITH SETTLEMENT AND [PROPOSED] ORDER THEREON**

ACTION FILED: July 1, 2008
TRIAL DATE: None Set

589042

## INTRODUCTION

This Stipulation for Order Determining Good Faith of Settlement (the "Stipulation") is entered into by the following parties (collectively, the "Parties"):

(i.) Michael R. Neely, an individual; Perry J. Neely, an individual; and Gary Neely, an individual; and Michael R. Neely, Perry J. Neely and Gary Neely, dba Mike's One Hour Cleaners (collectively, "Neelys") by and through their counsel of record Bassi Edlin Huie & Blum LLP;

(ii.) The Kirrberg Corporation f/k/a Multimatic Corporation ("Multimatic") by and through its counsel of record Dongell Lawrence Finney, LLP;

(iii.) Western States Design, a California corporation ("Western") by and through its counsel of record Foley McIntosh Frey & Claytor;

(iv.) Charles F. Hartz, an individual and Charles F. Hartz, dba Paul's Sparkle Cleaners ("Hartz") by and through his counsel of record Rogers Joseph O'Donnell;

(v.) Stark Investment Company, a California limited partnership, and Fortney H. Stark an individual (collectively, "Stark") by and through their counsel of record Gonsalves & Kozachenko;

(vi.) McCorduck Properties Livermore, LLC, a Delaware limited liability company ("McCorduck Properties") by and through its counsel of record Gordon Watrous Ryan Langley Bruno & Paltenghi Inc. and Castellon and Funderburk, LLP;

(vii.) John McCorduck, an individual; Kathleen McCorduck, an individual; Pamela McCorduck, an individual; and Sandra McCorduck Marona an individual (collectively, "McCorducks") by and through their counsel of record Gordon Watrous Ryan Langley Bruno & Paltenghi Inc. and Castellon and Funderburk, LLP;

(viii.) IMA Financial Corporation, a California corporation ("IMA") by and through its counsel of record Stanzler Law Group LLC;

(ix.) Palmtree Acquisition Corporation, a Delaware corporation, f/k/a Catellus Development Corporation ("Palmtree") by and through its counsel of record Cox Castle & Nicholson LLP;

(x.) Dorothy Anderson, as an individual and as Trustee of The Anderson Marital Trust and The Anderson Tax Deferral Trust, both dated February 28, 1979, as amended and restated August 31, 1994 and the Estate of Walter Anderson, Deceased (collectively, "Anderson") by and through her counsel of record Paladin Law Group LLP.

## RECITALS

### THE 1993 ACTION

A. In 1993, the San Francisco Regional Water Quality Control Board ("RWQCB") issued Site Cleanup Order No. 93-139 ("SCO 93-139") directing certain parties (including some of the Parties to this Agreement) to design and implement a remedial action to abate perchloroethene and its breakdown products ("PCE") contamination in the soil and groundwater at and in the vicinity of the Livermore Arcade Shopping Center ("LASC") and Miller's Outpost Shopping Center ("MOSC") in Livermore, California (the "LASC/MOSC Site") to levels acceptable to the RWQCB. The LASC is identified as parcels with assessor parcel numbers ("APN") 98-403-19 with street address of 1436-1554 1st Street (property tax address of 1410 1st Street), Livermore, California and 98-403-20 with street address of 1412-1424 1st Street (property tax address of 1334 1st Street), Livermore, California which has also be referenced at various times as the Livermore Arcade Shopping Center and now known as Vintner Square Shopping Center. The MOSC is identified as parcels with A.P.N. numbers 98-290-2-1, 98-290-2-15, 98-290-2-17 and with a street addresses of 1316-1318 Railroad Avenue and 1332 through 1588 Railroad Avenue in Livermore, California.

B. The parties named in SCO 93-139 sought to allocate certain liabilities associated with the PCE contamination in an action entitled Grubb & Ellis Realty Income Trust v. Catellus Development Corp., et al., Case No. C93-0383 SBA (N.D. Cal., 1993) (the "1993 Action"). The parties to the 1993 Action reached a settlement agreement dated February 7, 1994 (the "1994 Settlement"). The District Court approved the settlement and dismissed the 1993 Action on February 17, 1994.

C. Remediation Contractor H+GCL performed remediation activities at the LASC/MOSC Site. In 1995, at the request of H+GCL, Order No. SCO 93-139 was converted to a "containment zone" order, Order No. 96-052, which required eventual site closure. H+GCL failed to obtain site closure.

D. In March 2008, the RWQCB directed parties named in Order No. 96-052 to perform additional work related to the PCE contamination in the deeper groundwater at the LASC/MOSC Site.

## THE 2008 ACTION

E. Several of the parties to the 1994 Settlement consisting of Palmtree, Neelys, Multimatic, Western, Hartz, McCorduck Properties, McCorducks, IMA and Stark formed a group known as the 2008 Group to respond to the 2008 RWQCB directives related to the to the PCE contamination in the deeper groundwater at the LASC/MOSC Site.

F. In July 2008, Palmtree filed an action entitled Palmtree Acquisition Corporation v. Neely, et al., Case No. 08-CV-3168-EMC (N.D. Cal., 2008) (with all related third party claims, counterclaims and cross-claims, the "2008 Action"), in which the Parties have actual and potential claims against one another relating to the allocation of the Parties' potential liabilities associated with the PCE contamination of the deeper groundwater.

## THE NORTHROP GRUMMAN SETTLEMENT

G. On July 3, 2010, the Neelys, Multimatic, Western, Stark, Hartz, McCorduck Properties, McCorducks, IMA and Palmtree entered into a settlement agreement with Northrop Grumman Systems Corporation ("Northrop"), as the successor in interest to H+GCL. The settlement was determined to be in good faith by the United States District Court, Northern District, on October 4, 2010. Under the agreement, Northrop agreed to pay 35% of all Past and Future Response Costs, as defined thereunder.

## THE CAL WATER ACTION AND SETTLEMENT

H. In May 2008, California Water Service Company ("Cal Water") filed an action entitled California Water Service Company v. The Dow Chemical Company, et al., Case No. CIV 473093 (San Mateo Super. 2008) ("Cal Water Action"). Multimatic was named as one of

589042

the defendants in that action, which sought recovery of costs to protect Cal Water drinking water supply wells contaminated with PCE, including Cal Water well 14, which the RWQCB claims is in the LASC/MOSC plume.

I. The Parties to this Agreement have separately reached a settlement with Cal Water whereby in exchange for payment, Cal Water will release all claims against the Parties arising from or related to: (i) claims asserted or that could have been asserted in the Cal Water Action; and (ii) claims related to alleged contamination of the Livermore Wells with PCE sourced directly or indirectly from the LASC/MOSC shopping Centers.

**THE MEDIATION SESSIONS AND AGREEMENT**

J. The Parties have participated in a series of mediation sessions from 2009 through 2012 ("Mediation Sessions") to resolve their claims and liabilities and implement a remedial action plan at the LASC and MOSC. The Parties have reached a settlement and are in the process of drafting a global settlement agreement (the "Agreement"). The Agreement represents a compromise resolution of the Parties' differing initial settlement positions and contradictory interpretations of pertinent facts and legal claims and defenses, recognizing the risks, expense, and uncertainties of litigation.

K. Pursuant to the terms of the Agreement, the Parties will enter into a Guaranteed Fixed Price Remediation Agreement ("Cleanup Contract") with The Source Group, Inc. (the "Cleanup Contractor") for the remediation of environmental contamination at and emanating from the LASC and MOSC.

L. The estimated total cost for the implementation of the remedial action plan is $8,109,110, which consist of the following: (1) $5,681,110 for the Cleanup Contractor; (2) $500,000 for California Water Service Company; (3) $325,000 for the Regional Water Quality Control Board for regulatory oversight for 15 years; (4) $375,000 for project management for 15 years; and (5) $1,228,000 for contingency costs. The Parties will pay 65% of the total costs ($5,270,921.50) and Northrop will pay 35% ($2,838,188.50).

M. A true and correct DRAFT copy of the Agreement is attached hereto as **Exhibit A.** By virtue of entering into the Agreement, none of the Parties admit liability. The Agreement provides, in part, as follows:

(i.) At section 1., the Agreement provides that the Parties agree to pay the amounts allocated to them, as set forth in Exhibit B ("Settlement Fund"). Payment shall be made to the Trustee, identified in paragraph 3 of the Agreement, below, for the funding of a Qualified Settlement Fund Trust and Environmental Remediation Trust, within 60 days following the later of: (a) the Court's order determining that this Agreement is in good faith, or (b) the Court's order determining that the Parties' settlement agreement in the Cal Water Action is in good faith. A payment schedule applicable to some of the parties is incorporated within sections 1. a., 1. b., 1. c. and 1. d. of the Agreement.

(ii.) At section 2. a., the Agreement provides that the settlement is expressly contingent upon the Court's determination, pursuant to California Code of Civil Procedure section 877.6, that the Agreement is entered into in good faith and therefore bars any and all existing or potential claims against each of the Parties for total equitable indemnity, equitable comparative contribution, partial and/or comparative indemnity, and/or implied contractual indemnity.

(iii.) At section 2. b., the Agreement provides that the settlement is expressly contingent upon the Court's determination, pursuant to California Code of Civil Procedure section 877.6, that the Parties' settlement agreement in the Cal Water Action is entered into in good faith and therefore bars any and all existing or potential claims against each of the Parties for total equitable indemnity, equitable comparative contribution, partial and/or comparative indemnity, and/or implied contractual indemnity.

(iv.) At section 3. the Agreement provides that De Maximis, Inc. will serve as the Trustee for the Settlement Fund. The Settlement Fund shall be deposited into two separate trust accounts, the Qualified Settlement Fund pursuant to Treasury Regulation Section 1.468B (28 C.F.R. 1.468B-1) and a Environmental Remediation Trust pursuant to Internal Revenue

Code Section 301.7701-4(e) which shall be used to meet the payment obligations for implementation of the remedial action plan at the LASC/MOSC site.

(v.) At section 5. a., in consideration of the Parties' payments as provided in section 1., the Parties agree to mutually release each other from any and all claims arising from or related to arising from or related to PCE contamination at and emanating from the LASC and MOSC.

(vi). At section 12., the Parties expressly waive any rights or benefits that they may have or might obtain pursuant to section 1542 of the California Civil Code.

**NEELY'S SETTLEMENT CONTRIBUTION**

N. The Neelys' insurers are Lumbermens Mutual Casualty Company, In Rehabilitation ("Lumbermens") and Firemens Fund Insurance Company ("FFIC").

O. Lumbermens and FFIC will pay 16% of the Parties $8,109,110 share to the Settlement Fund, or a total of $1,297,457.60 ("Settlement Payment") on behalf of the Neelys.

P. The Neelys will be signatories to the Agreement.

Q. The Settlement Payment by Lumbermens and FFIC will be held in the Bassi Edlin Huie & Blum LLP Client Trust Account until the Agreement is fully executed by the Parties and the Parties tender their Settlement Payments under the Agreement.

R. This Stipulation is a stipulation for the Good Faith Order regarding Lumbermens and FFIC's Settlement Payment on behalf of the Neelys.

S. By entering into this Stipulation, the Parties agree that the Settlement Payment by Lumbermens and FFIC on behalf of the Neelys constitutes a good faith settlement of the claims against the Neelys in the 2008 Action.

**AGREEMENT**

1. The foregoing Recitals are true and correct and are incorporated herein by reference.

2. The Parties stipulate to the following points of law:

i. The Settlement Payment by Lumbermens and FFIC on behalf of the Neelys satisfies the requirements for a good faith determination under California Code of Civil

589042

Procedure section 877.6 and Tech Bilt Inc. v. Woodward Clyde & Associates, 38 Cal. 3d. 488 (1985) for the following reasons:

a. the Settlement Payment due under the Agreement is reasonably proportionate to the Neelys share of liability for remediation of the PCE contamination in the deeper groundwater at the LASC/MOSC Site;

b. the amount of the Settlement Payment due by the Neelys under the Agreement is substantial; and

c. the Settlement Payment due by the Neelys under the Agreement is likely less than the amounts the Neelys would be found liable for after trial.

3. A good faith settlement operates to discharge a settling party from liability to any other alleged tortfeasors for partial or comparative indemnity or contribution in the 2008 Action, regardless of whether the other alleged tortfeasors are presently parties to the action or have ever been parties to the action. Cal. Code of Civ. Proc. § 877.6 (LexisNexis 2012), Mill Valley Refuge Co. v. Super. Ct., 108 Cal.App.3d. 707 (1981).

4. The Neelys are entitled to, as of the effective date of the Agreement, contribution protection pursuant to section 113(f) of CERCLA, 42 U.S.C. § 9613 (f) and any other applicable provision of federal or state law.

IT IS SO STIPULATED

Date: 12/14, 2012

BASSI, EDLIN, HUIE & BLUM LLP

By: Farheena Habib for

NOEL EDLIN
Attorneys for MICHAEL R. NEELY, PERRY J. NEELY & GARY NEELY, INDIVIDUALLY & dba MIKE'S ONE HOUR CLEANERS

Date: Nov. 14, 2012

DONGELL LAWRENCE FINNEY LLP

By: ____________________

TOM VANDENBURG
Attorneys for THE KIRRBERG CORPORATION f/k/a MULTIMATIC CORPORATION

Date: ________, 2012

CLAYTOR LAW GROUP

By: ____________________

JAMES D. CLAYTOR
Attorneys for WESTERN STATES DESIGN

Date: ________, 2012

ROGERS JOSEPH O'DONNELL

By: ____________________

ROBERT C. GOODMAN
Attorneys for CHARLES F. HARTZ dba PAUL'S SPARKLE CLEANERS

Case3:08-cv-03168-EMC Document162 Filed01/15/13 Page10 of 19

Date: ________, 2012

BASSI, EDLIN, HUIE & BLUM LLP

By: ______________________________

NOEL EDLIN
Attorneys for MICHAEL R. NEELY, PERRY J. NEELY & GARY NEELY, INDIVIDUALLY & dba MIKE'S ONE HOUR CLEANERS

Date: ________, 2012

DONGELL LAWRENCE FINNEY LLP

By: ______________________________

TOM VANDENBURG
Attorneys for THE KIRRBERG CORPORATION f/k/a MULTIMATIC CORPORATION

Date: 12/05, 2012

CLAYTOR LAW GROUP

By: ______________________________

JAMES D. CLAYTOR
Attorneys for WESTERN STATES DESIGN

Date: ________, 2012

ROGERS JOSEPH O'DONNELL

By: ______________________________

ROBERT C. GOODMAN
Attorneys for CHARLES F. HARTZ dba PAUL'S SPARKLE CLEANERS

589042

9

JOINT STIPULATION OF GOOD FAITH SETTLEMENT [CCP § 877.6] AND [PROPOSED] ORDER THEREON

Date: __________, 2012

BASSI, EDLIN, HUIE & BLUM LLP

By: ______________________________

NOEL EDLIN
Attorneys for MICHAEL R. NEELY, PERRY J. NEELY & GARY NEELY, INDIVIDUALLY & dba MIKE'S ONE HOUR CLEANERS

Date: __________, 2012

DONGELL LAWRENCE FINNEY LLP

By: ______________________________

TOM VANDENBURG
Attorneys for THE KIRRBERG CORPORATION f/k/a MULTIMATIC CORPORATION

Date: __________, 2012

CLAYTOR LAW GROUP

By: ______________________________

JAMES D. CLAYTOR
Attorneys for WESTERN STATES DESIGN

Date: 11.30, 2012

ROGERS JOSEPH O'DONNELL

By: [signature]

ROBERT C. GOODMAN
Attorneys for CHARLES F. HARTZ dba PAUL'S SPARKLE CLEANERS

589042

Date: Nov. 27, 2012

GONSALVES & KOZACHENKO

By: Paul Kozachenko
PAUL KOZACHENKO
Attorneys for STARK INVESTMENT COMPANY

Date: ________, 2012

GORDON WATROUS RYAN LANGLEY BRUNO & PALTENGHI, INC.

By: ______________________
BRUCE C. PALTENGHI
Attorneys for MCORDUCK PROPERTIES LIVERMORE LLC, JOHN MCCORDUCK, KATHLEEN MCCORDUCK, PAMELA MCCORDUCK & SANDRA MCCORDUCK MARONA

Date: ________, 2012

STANZLER LAW GROUP LLC

By: ______________________
JORDAN STANZLER
Attorneys for IMA FINANCIAL CORPORATION

Date: ________, 2012

COX CASTLE & NICHOLSON LLP

By: ______________________
STUART I. BLOCK
PETER MORRISETTE
Attorneys for PALMTREE ACQUISITION CORPORATION f/k/a CATELLUS DEVELOPMENT CORPORATION

589042

Date: __________, 2012

GONSALVES & KOZACHENKO

By: ______________________________

PAUL KOZACHENKO
Attorneys for STARK INVESTMENT COMPANY

Date: Nov. 26, 2012

GORDON WATROUS RYAN LANGLEY BRUNO & PALTENGHI, INC.

By: [signature]

BRUCE C. PALTENGHI
Attorneys for MCORDUCK PROPERTIES LIVERMORE LLC, JOHN MCCORDUCK, KATHLEEN MCCORDUCK, PAMELA MCCORDUCK & SANDRA MCCORDUCK MARONA

Date: __________, 2012

STANZLER LAW GROUP LLC

By: ______________________________

JORDAN STANZLER
Attorneys for IMA FINANCIAL CORPORATION

Date: __________, 2012

COX CASTLE & NICHOLSON LLP

By: ______________________________

STUART I. BLOCK
PETER MORRISETTE
Attorneys for PALMTREE ACQUISITION CORPORATION f/k/a CATELLUS DEVELOPMENT CORPORATION

589042

Date: ________, 2012

GONSALVES & KOZACHENKO

By: ______________________________

PAUL KOZACHENKO
Attorneys for STARK INVESTMENT COMPANY

Date: ________, 2012

GORDON WATROUS RYAN LANGLEY BRUNO & PALTENGHI, INC.

By: ______________________________

BRUCE C. PALTENGHI
Attorneys for MCORDUCK PROPERTIES LIVERMORE LLC, JOHN MCCORDUCK, KATHLEEN MCCORDUCK, PAMELA MCCORDUCK & SANDRA MCCORDUCK MARONA

Date: 12/6, 2012

STANZLER LAW GROUP LLC

By: [signature]

JORDAN STANZLER
Attorneys for IMA FINANCIAL CORPORATION

Date: ________, 2012

COX CASTLE & NICHOLSON LLP

By: ______________________________

STUART I. BLOCK
PETER MORRISETTE
Attorneys for PALMTREE ACQUISITION CORPORATION f/k/a CATELLUS DEVELOPMENT CORPORATION

589042

Date: ________, 2012

GONSALVES & KOZACHENKO

By: ______________________________

PAUL KOZACHENKO
Attorneys for STARK INVESTMENT COMPANY

Date: ________, 2012

GORDON WATROUS RYAN LANGLEY BRUNO & PALTENGHI, INC.

By: ______________________________

BRUCE C. PALTENGHI
Attorneys for MCORDUCK PROPERTIES LIVERMORE LLC, JOHN MCCORDUCK, KATHLEEN MCCORDUCK, PAMELA MCCORDUCK & SANDRA MCCORDUCK MARONA

Date: ________, 2012

STANZLER LAW GROUP LLC

By: ______________________________

JORDAN STANZLER
Attorneys for IMA FINANCIAL CORPORATION

Date: Nov. 19, 2012

COX CASTLE & NICHOLSON LLP

By: [signature]

STUART I. BLOCK
PETER MORRISETTE
Attorneys for PALMTREE ACQUISITION CORPORATION f/k/a CATELLUS DEVELOPMENT CORPORATION

589042

Case3:08-cv-03168-EMC Document162 Filed01/15/13 Page16 of 19

Date: December 6, 2012

PALADIN LAW GROUP LLP

By: /s/ John R. Till (Authorized on 12/6/2012)

JOHN R. TILL
Attorneys for DOROTHY ANDERSON, AS AN INDIVIDUAL AND AS TRUSTEE OF THE ANDERSON MARITAL TRUST AND THE ANDERSON TAX DEFERRAL TRUST, BOTH DATED FEBRUARY 28, 1979, AS AMENDED AND RESTATED AUGUST 31, 1994 AND THE ESTATE OF WALTER ANDERSON, DECEASED

589042

11

JOINT STIPULATION OF GOOD FAITH SETTLEMENT [CCP § 877.6] AND [PROPOSED] ORDER THEREON

**ORDER**

UPON CONSIDERATION OF THE FOREGOING, the Court hereby finds the Agreement is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest. THE FOREGOING Agreement is hereby APPROVED.

IT IS HEREBY ORDERED that:

The Neelys are entitled to, as of the effective date of the Agreement, contribution protection pursuant to section 113(f) of CERCLA, 42 U.S.C. § 9613 (f) and any other applicable provision of federal or state law, including but not limited to the provisions and protections afforded by the California Code of Civil Procedure sections 877 and 877.6, whether by statute or common law for claims of any type concerning, arising from or related to PCE contamination at and emanating from the LASC and MOSC..

Dated: 1/15/13, ~~2012~~ By: ________________

HON. E[...]
UNITED [...]E

589042

**ORDER**

UPON CONSIDERATION OF THE FOREGOING, the Court hereby finds the Agreement is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest. THE FOREGOING Agreement is hereby APPROVED.

IT IS HEREBY ORDERED that:

The Neelys are entitled to, as of the effective date of the Agreement, contribution protection pursuant to section 113(f) of CERCLA, 42 U.S.C. § 9613 (f) and any other applicable provision of federal or state law, including but not limited to the provisions and protections afforded by the California Code of Civil Procedure sections 877 and 877.6, whether by statute or common law for claims of any type concerning, arising from or related to PCE contamination at and emanating from the LASC and MOSC..

Dated: ____________, 2012 By: ______________________________

HON. EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE

589042

Re: Palmtree Acquisition Corp. v. Michael R. Neely
United States District Court, Northern District Case No. CV 08 3168 EMC

**PROOF OF SERVICE – ELECTRONIC TRANSMISSION**

I am a citizen of the United States and an employee in the County of San Francisco. I am over the age of eighteen (18) years and not a party to the within action. My business address is BASSI, EDLIN, HUIE & BLUM LLP, 500 Washington Street, Suite 700, San Francisco, California 94111.

On the date executed below, I electronically served the document(s) via USDC NDCA ECF website, described below, on the recipients designated on the Transaction Receipt located on the USDC NDCA ECF website.

**JOINT STIPULATION OF GOOD FAITH SETTLEMENT AND [PROPOSED] ORDER THEREON**

On the following parties:

PLEASE SEE SERVICE LIST PROVIDED BY USDC NDCA WEBSITE

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on December 21, 2012, at San Francisco, California.

/s/ HEATHER ENDERS

HEATHER ENDERS

589042