1  COX, CASTLE & NICHOLSON LLP                                ,
   PETER M. MORRISETTE (STATE BAR NO. 209190)
2  pmorrisette@coxcastle.com
   555 California Street, 10th Floor
3  San Francisco, California  94104
   Telephone:  (415) 392-4200
4  Facsimile:   (415) 392-4250

5  Attorneys for Plaintiff
   PALMTREE ACQUISITION CORPORATION, a Delaware
6  corporation f/k/a Catellus Development Corporation

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 PALMTREE ACQUISITION CORPORATION, a         CASE NO. CV 08 3168 ~~MHP~~  EMC
   Delaware corporation,
11
                    Plaintiff,                JOINT CASE MANAGEMENT
12                                            CONFERENCE STATEMENT
              vs.
13
   MICHAEL R. NEELY, an individual; PERRY J.
14 NEELY, an individual; GARY NEELY, an       HON. EDWARD M. CHEN
   individual; MICHAEL R. NEELY, PERRY J.
15 NEELY and GARY NEELY dba MIKE'S ONE        DATE:   JUNE 27, 2013
   HOUR CLEANERS; CHARLES FREDERICK
16 HARTZ dba PAUL'S SPARKLE CLEANERS;         TIME: 9:00 A.M.
   CHARLES F. HARTZ, an individual;
17 MULTIMATIC CORPORATION, a New Jersey       COURTROOM: 5, 17TH FLOOR
   corporation; WESTERN STATES DESIGN, a
18 California corporation; MCCORDUCK
   PROPERTIES LIVERMORE, LLC, a Delaware
19 limited liability company individually and as the
   successor to JOHN MCCORDUCK, KATHLEEN
20 MCCORDUCK, PAMELA MCCORDUCK,
   SANDRA MCCORDUCK MARONA, and IMA
21 FINANCIAL CORPORATION, a California
   corporation; JOHN MCCORDUCK, individually;
22 KATHLEEN MCCORDUCK, individually;
   PAMELA MCCORDUCK, individually; SANDRA
23 MCCORDUCK MARONA, individually; IMA
   FINANCIAL CORPORATION, a California
24 corporation; STARK INVESTMENT COMPANY,
   a California general partnership; GRUBB & ELLIS
25 REALTY INCOME TRUST, LIQUIDATING
   TRUST, a California trust; and DOES 1-20,
26 inclusive,

27                    Defendants.

28

1    The parties who have appeared in the above-captioned environmental action have met and

2 conferred and jointly submit the following Joint Case Management Conference Statement.

3        1.    **Date case was filed:**  This case was filed on July 1, 2008.  The Second

4
Amended Complaint was filed on July 14, 2011 and the Fourth Amended Third Party Complaint was

5
6 filed on August 24, 2011.

7        2.    **List or description of all parties:**  The parties to this case are as follows:

8
9        a.    Plaintiff Palmtree Acquisition Corporation, successor to a former owner

10 of the Livermore Arcade Shopping Center ("LASC"), one of two shopping centers

11 comprising the subject property;

12        b.    Defendant and Third Party Plaintiff Stark Investment Company, former

13 owner of the LASC and Miller's Outpost Shopping Center ("MOSC"), the second

shopping center comprising the subject property;
14
15        c.    Defendant and Third Party Plaintiff The Kirrberg Corporation fka

16 Multimatic Corporation, manufacturer of the dry cleaning machine at the LASC;

17        d.    Defendants Michael R. Neely, Perry J. Neely and Gary Neely,

18 individually and dba Mike's One Hour Cleaners, the dry cleaning operator at the

LASC;
19
20        e.    Defendant Charles Hartz, individually and dba Paul's Sparkle Cleaners,

21 the dry cleaning operator at the MOSC;

22        f.    Defendant Western States Design, distributor of the dry cleaning

machine at the LASC;
23
24        g.    Defendant McCorduck Properties Livermore, LLC, current owner of the

25 MOSC;

26        h.    Defendants John McCorduck, Kathleen McCorduck, Pamela

27 McCorduck and Sandra McCorduck Marona, former owners of the MOSC;

28        i.    Defendant IMA Financial Corporation, former owner of the MOSC; and

j.      Third Party Defendant Dorothy Anderson, Trustee of The Anderson Marital Trust, dated February 28, 1979, as amended and restated August 31, 1994 and The Anderson Tax Deferral Trust, dated February 28, 1979, as amended and restated August 31, 1994, current owners of the LASC.

3.      **Summary of all claims, counter-claims, cross-claims, third party claims:**

a.      Plaintiff claims (1) contribution under CERCLA Sections 107(a) and (e)(2), 42 U.S.C. §§ 9607(a) and (e)(2), against all Defendants; (2) Declaratory Relief under CERCLA against all Defendants; (3) Continuing Public Nuisance against all Defendants; (4) Negligence against Defendants Neelys, Multimatic and Western States Design; (5) Equitable Indemnity against all Defendants; and (6) Declaratory Relief under state law against all Defendants.

b.      Third Party Plaintiffs claim (1) costs under CERCLA Sections 107(a) and (e)(2), 42 U.S.C. §§ 9607(a) and (e)(2); (2) Declaratory Relief under CERCLA; (3) Equitable Indemnity; and (4) Declaratory Relief under state law against all Third Party Defendants.

4.      **Brief description of the event underlying the action:**  This action is a "re-opener" of a prior action that was conditionally settled.  The prior action was filed on February 3, 1993 in the United States District Court for the Northern District of California and entitled *Grubb & Ellis Realty Income Trust, Liquidating Trust v. Catellus Development Corp., et al.*, and related cross-actions, Case No. C93-0383 SBA ("Prior Action").  The Prior Action concerned the alleged release of dry cleaning solvent perchloroethylene ("PCE") from the dry cleaning establishments at the LASC and MOSC in Livermore, California.  The California Regional Water Quality Control Board ("RWQCB") had issued an Order to the potentially responsible parties consisting of dry cleaning operators and property owners to remediate the soil and groundwater impacted by PCE contamination from the centers.  Following settlement of the Prior Action, certain parties requested, and the RWQCB

LAW OFFICES OF
**COX, CASTLE &
NICHOLSON LLP**
SAN FRANCISCO

057671\5192418v2

- 3 -

JOINT CASE MANAGEMENT STATEMENT

granted, the establishment of a Containment Zone with a Contingency Plan and the RWQCB issued a new order in 1996 to that effect.  However, on March 17, 2008 and March 21, 2008, the RWQCB issued Directives requiring further investigation and monitoring of the PCE contamination, which also potentially impacted the deeper aquifer, thereby allegedly triggering the "re-opener" provision in the settlement agreement.  Plaintiff Palmtree Acquisition Corporation filed this action on July 1, 2008, seeking contribution under CERCLA and damages pursuant to the "re-opener" provision, among other claims.

        5.    **Description of relief sought and damages claimed with an explanation as to how damages are computed:**  The parties seek both declaratory and monetary relief through the Second Amended Complaint, the Fourth Amended Third Party Complaint and various cross-claims and counter-claims which were deemed filed pursuant to Stipulations and Orders filed on August 3, 2011, October 27, 2011 and November 14, 2011.  The parties seek reimbursement and contribution of the amounts spent thus far on investigative costs (over $1,000,000) as well as an allocation of future investigative costs and remedial measures (to be determined) under CERCLA.  The parties also seek monetary damages for nuisance and negligence.

        6.    **Status of discovery (including any limits or cutoff dates):**  Since September 2008, discovery has been stayed, including initial disclosures, so that the parties could engage in mediation.  These parties have been mediating this matter with Timothy Gallagher, Esq., along with other potentially responsible parties, and are continuing to do so, while simultaneously working cooperatively as a group to respond to the RWQCB's directives and requirements.  Indeed, Plaintiff and Defendants, with the exception of Grubb & Ellis Realty Income Trust, Liquidating Trust, have thus far spent over $1,000,000 since March 2008 in their response efforts: including jointly hiring a project manager and technical consultant; directing investigative measures and submitting a final technical investigative report; submitting a work plan, directing work thereunder and submitting a

LAW OFFICES OF
**COX, CASTLE &**
**NICHOLSON LLP**
SAN FRANCISCO

057671\5192418v2

- 4 -

JOINT CASE MANAGEMENT STATEMENT

remedial investigation report with technical findings and proposed remedial alternatives; submitting a draft remedial action plan; and coordinating among the various regulatory agencies.  The responding parties and the contractor are currently working with the RWQCB on the approval of a remedial action plan for the site.  The parties have nearly finalized a settlement among them, which is contingent upon a settlement in another state court case involving one of the defendants in this action.  A settlement in principle in that state court case has been reached, and a settlement agreement is currently being prepared.  The parties anticipate that both settlements will be final by September 30, 2013.  The parties would like to continue working cooperatively towards resolution of this matter and thus propose that the discovery stay be continued.

7.     **Procedural history of the case including previous motions decided and/or submitted, ADR proceedings or settlement conferences scheduled or concluded, appellate proceedings pending or concluded, and any previous referral to a magistrate judge:**  As described above, the parties have been mediating among themselves before Timothy Gallagher, Esq. This case was initially referred to Magistrate Judge Chen but then transferred to Judge Patel on April 2, 2010 and then reassigned to Judge Chen on June 6, 2011.   Motions previously decided in this case consist of:

a.     Application for good faith settlement determination by Plaintiff Palmtree Acquisition Corporation and Defendant Northrop Grumman Systems Corporation, granted October 4, 2010.

b.     Motion to dismiss the First Amended Third Party Complaint by Third Party Defendant Melinda Ellis Evers, Successor Trustee of the Harold A. Ellis, Jr. Revocable Inter Vivos Trust, granted without prejudice on October 4, 2010.

c.     Motion to dismiss the Second Amended Third Party by Third Party Defendant Melinda Ellis Evers, Successor Trustee of the Harold A. Ellis, Jr. Revocable Inter Vivos Trust, granted with prejudice on February 11, 2011.

LAW OFFICES OF
**COX, CASTLE &
NICHOLSON LLP**
SAN FRANCISCO

057671\5192418v2

- 5 -

JOINT CASE MANAGEMENT STATEMENT

d.      Motion to dismiss one cause of action from the Third Amended Third Party Complaint, or in the alternative, for a more definite statement by Third Party Defendant Dorothy Anderson, granted without prejudice on August 4, 2011.

e.      Motion to dismiss the Fourth Amended Third Party Complaint by Third Party Defendant Dorothy Anderson, denied on October 24, 2011.

f.      Stipulation and order of good faith settlement determination as to the Neely parties, signed January 1, 2013.

8.      **Other deadlines in place (before reassignment), including those for dispositive motions, pretrial conferences, and trials:**  None.

9.      **Any requested modification of these dates and reason for the request:**  None.

10.      **Whether the parties will consent to a magistrate judge for trial:**  The parties to this Joint Case Management Conference Statement do not consent to a magistrate judge for trial.

11.      **Whether Judge Chen has previously conducted a settlement conference in this case, and if so, whether the parties stipulate to him handling this case for trial pursuant to ADR Local Rule 7-2 or request his recusal:**  Judge Chen has not previously conducted a settlement conference in this case.

12.      **If there exists an immediate need for a case management conference to be scheduled in the action:**  The parties believe that substantial progress is being made to amicably resolve this matter through mediation.  As noted in the prior joint case management conference statement filed on December 7, 2012 (Doc. 159), the parties were optimistic at that time that they could finalize the settlement by the first quarter of 2013.  Final resolution of this case, however, has been delayed because the settlement of this matter is contingent upon the settlement of a state court matter involving one of the defendants here.  A settlement in principle of the state court matter has

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

057671\5192418v2                                    - 6 -

JOINT CASE MANAGEMENT STATEMENT

been reached, and a settlement agreement in that matter is now being prepared.  Thus, the parties anticipate that the settlement agreement in this matter will be executed soon and that a motion for good faith settlement determination under state law and contribution protection under CERCLA can be filed with this Court by September 2013.

Therefore there is no immediate need for a case management conference to be scheduled.  The parties propose the scheduling of a further case management conference in December 2013 or January 2014, so that they may continue with mediation efforts and finalize a settlement.

Dated:  June 17, 2013                    Cox, Castle & Nicholson, LLP

                                         By:    /s/ Peter Morrisette
                                                Peter Morrisette
                                                Attorneys for Plaintiff Palmtree
                                                Acquisition Corporation, a Delaware
                                                corporation f/k/a Catellus Development
                                                Corporation

Dated:  June 17, 2013                    GONSALVES & KOZACHENKO

                                         By:    /s/ Paul Kozachenko
                                                Paul Kozachenko
                                                Attorneys for Defendant & Third Party
                                                Plaintiff Stark Investment Company, a
                                                California limited partnership

Dated:  June 17, 2013                    The Costa Law Firm

                                         By:    /s/ Daniel P. Costa
                                                Daniel P. Costa
                                                Attorneys for Defendant & Third Party
                                                Plaintiff Stark Investment Company, a
                                                California limited partnership

Dated:  June 17, 2013                    Claytor Law Group

                                         By:    /s/ James D. Claytor
                                                James D. Claytor
                                                Attorneys for Defendant Western State
                                                Design, a California corporation

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

057671\5192418v2                              - 7 -

JOINT CASE MANAGEMENT STATEMENT

Dated:  June 17, 2013                    BASSI, EDLIN, HUIE & BLUM LLP

                                         By:     /s/ Farheena Habib
                                                 Farheena Habib
                                                 Attorneys for Defendants Michael R.
                                                 Neely, Perry J. Neely, and Gary Neely,
                                                 dba Mike's One Hour Cleaners

Dated:  June 17, 2013                    Dongell Lawrence Finney, LLP

                                         By:     /s/ Thomas A. Vandenberg
                                                 Thomas A. Vandenberg
                                                 Attorneys for Defendant & Third Party
                                                 Plaintiff The Kirrberg Corporation f/k/a
                                                 Multimatic Corporation

Dated:  June 17, 2013
                                         Rogers Joseph O'Donnell


                                         By:     /s/ D. Kevin Shipp
                                                 D. Kevin Shipp
                                                 Attorneys for Defendant Charles
                                                 Frederick Hartz, dba Paul's Sparkle
                                                 Cleaners

Dated:  June 17, 2013                    Gordon, Watrous, Ryan, Langley, Bruno &
                                         Paltenghi

                                         By:     /s/ Bruce C. Paltenghi
                                                 Bruce C. Paltenghi
                                                 Attorneys for Defendant McCorduck
                                                 Properties Livermore, LLC, a Delaware
                                                 limited liability company; John
                                                 McCorduck; Kathleen McCorduck;
                                                 Pamela McCorduck; and Sandra
                                                 McCorduck Marona

Dated:  June 17, 2013                    Stanzler Law Group

                                         By:     /s/ Jordan S. Stanzler
                                                 Jordan S. Stanzler
                                                 Attorneys for Defendant IMA Financial
                                                 Corporation, a California corporation

LAW OFFICES OF
**COX, CASTLE &
NICHOLSON LLP**
SAN FRANCISCO

057671\5192418v2                              - 8 -
                              JOINT CASE MANAGEMENT STATEMENT

Dated:  June 17, 2013                    Paladin Law Group LLP

                                         By:    /s/ John Till
                                                John Till
                                                Attorneys for Third Party Defendant
                                                Dorothy Anderson, Trustee of the
                                                Anderson Marital Trust and The Anderson
                                                Tax Deferral Trust

Filer's Attestation:  Pursuant to Local Rule 5-1(i), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from its signatories.

DATED:  June 17, 2013                    Respectfully submitted,


                                         /s/ Peter Morrisette

                                         Peter Morrisette


It is so ordered that the CMC is reset for 12/19/13 at 9:00 a.m.  An updated joint CMC statement shall be filed by 12/12/13.

EDWARD M. CHEN
U.S. DISTRICT JUDGE

IT IS SO ORDERED
AS MODIFIED
Judge Edward M. Chen

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

057671\5192418v2                         - 9 -
                        JOINT CASE MANAGEMENT STATEMENT