COX, CASTLE & NICHOLSON LLP
PETER M. MORRISETTE (STATE BAR NO. 209190)
pmorrisette@coxcastle.com
555 California Street, 10th Floor
San Francisco, California 94104
Telephone: (415) 392-4200
Facsimile: (415) 392-4250

Attorneys for Plaintiff
PALMTREE ACQUISITION CORPORATION, a Delaware corporation f/k/a Catellus Development Corporation

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALMTREE ACQUISITION CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL R. NEELY, an individual; PERRY J. NEELY, an individual; GARY NEELY, an individual; MICHAEL R. NEELY, PERRY J. NEELY and GARY NEELY dba MIKE'S ONE HOUR CLEANERS; CHARLES FREDERICK HARTZ dba PAUL'S SPARKLE CLEANERS; CHARLES F. HARTZ, an individual; MULTIMATIC CORPORATION, a New Jersey corporation; WESTERN STATES DESIGN, a California corporation; MCCORDUCK PROPERTIES LIVERMORE, LLC, a Delaware limited liability company individually and as the successor to JOHN MCCORDUCK, KATHLEEN MCCORDUCK, PAMELA MCCORDUCK, SANDRA MCCORDUCK MARONA, and IMA FINANCIAL CORPORATION, a California corporation; JOHN MCCORDUCK, individually; KATHLEEN MCCORDUCK, individually; PAMELA MCCORDUCK, individually; SANDRA MCCORDUCK MARONA, individually; IMA FINANCIAL CORPORATION, a California corporation; STARK INVESTMENT COMPANY, a California general partnership; GRUBB & ELLIS REALTY INCOME TRUST, LIQUIDATING TRUST, a California trust; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO. CV 08 3168 EMC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br>ORDER RESETTING CMC<br><br>HON. EDWARD M. CHEN<br><br>DATE: DECEMBER 19, 2013<br><br>TIME: 9:00 A.M.<br><br>COURTROOM: 5, 17TH FLOOR |

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

057671\5883439v1

JOINT CASE MANAGEMENT STATEMENT

The parties who have appeared in the above-captioned environmental action have met and conferred and jointly submit the following Joint Case Management Conference Statement.

The parties have reached a settlement, which is currently circulating among the parties for signature. Once the settlement is signed, the parties will submit the settlement to this Court for approval as a good faith settlement under California Code of Civil Procedure sections 877 and 877.6. The parties anticipate this will happen within the next several weeks.

1. **Date case was filed:** This case was filed on July 1, 2008. The Second Amended Complaint was filed on July 14, 2011 and the Fourth Amended Third Party Complaint was filed on August 24, 2011.

2. **List or description of all parties:** The parties to this case are as follows:

   a. Plaintiff Palmtree Acquisition Corporation, successor to a former owner of the Livermore Arcade Shopping Center ("LASC"), one of two shopping centers comprising the subject property;

   b. Defendant and Third Party Plaintiff Stark Investment Company, former owner of the LASC and Miller's Outpost Shopping Center ("MOSC"), the second shopping center comprising the subject property;

   c. Defendant and Third Party Plaintiff The Kirrberg Corporation fka Multimatic Corporation, manufacturer of the dry cleaning machine at the LASC;

   d. Defendants Michael R. Neely, Perry J. Neely and Gary Neely, individually and dba Mike's One Hour Cleaners, the dry cleaning operator at the LASC;

   e. Defendant Charles Hartz, individually and dba Paul's Sparkle Cleaners, the dry cleaning operator at the MOSC;

   f. Defendant Western States Design, distributor of the dry cleaning machine at the LASC;

   g. Defendant McCorduck Properties Livermore, LLC, current owner of the

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

057671\5883439v1

- 2 -

JOINT CASE MANAGEMENT STATEMENT

MOSC;

      h.    Defendants John McCorduck, Kathleen McCorduck, Pamela McCorduck and Sandra McCorduck Marona, former owners of the MOSC;

      i.    Defendant IMA Financial Corporation, former owner of the MOSC; and

      j.    Third Party Defendant Dorothy Anderson, Trustee of The Anderson Marital Trust, dated February 28, 1979, as amended and restated August 31, 1994 and The Anderson Tax Deferral Trust, dated February 28, 1979, as amended and restated August 31, 1994, current owners of the LASC.

3.    **Summary of all claims, counter-claims, cross-claims, third party claims:**

      a.    Plaintiff claims (1) contribution under CERCLA Sections 107(a) and (e)(2), 42 U.S.C. §§ 9607(a) and (e)(2), against all Defendants; (2) Declaratory Relief under CERCLA against all Defendants; (3) Continuing Public Nuisance against all Defendants; (4) Negligence against Defendants Neelys, Multimatic and Western States Design; (5) Equitable Indemnity against all Defendants; and (6) Declaratory Relief under state law against all Defendants.

      b.    Third Party Plaintiffs claim (1) costs under CERCLA Sections 107(a) and (e)(2), 42 U.S.C. §§ 9607(a) and (e)(2); (2) Declaratory Relief under CERCLA; (3) Equitable Indemnity; and (4) Declaratory Relief under state law against all Third Party Defendants.

4.    **Brief description of the event underlying the action:** This action is a "re-opener" of a prior action that was conditionally settled. The prior action was filed on February 3, 1993 in the United States District Court for the Northern District of California and entitled *Grubb & Ellis Realty Income Trust, Liquidating Trust v. Catellus Development Corp., et al.*, and related cross-actions, Case No. C93-0383 SBA ("Prior Action"). The Prior Action concerned the alleged release of dry cleaning solvent perchloroethylene ("PCE") from the dry cleaning establishments at the LASC and MOSC in Livermore, California. The California Regional Water Quality Control Board

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

057671\5883439v1

- 3 -

JOINT CASE MANAGEMENT STATEMENT

("RWQCB") had issued an Order to the potentially responsible parties consisting of dry cleaning operators and property owners to remediate the soil and groundwater impacted by PCE contamination from the centers. Following settlement of the Prior Action, certain parties requested, and the RWQCB granted, the establishment of a Containment Zone with a Contingency Plan and the RWQCB issued a new order in 1996 to that effect. However, on March 17, 2008 and March 21, 2008, the RWQCB issued Directives requiring further investigation and monitoring of the PCE contamination, which also potentially impacted the deeper aquifer, thereby allegedly triggering the "re-opener" provision in the settlement agreement. Plaintiff Palmtree Acquisition Corporation filed this action on July 1, 2008, seeking contribution under CERCLA and damages pursuant to the "re-opener" provision, among other claims.

5. **Description of relief sought and damages claimed with an explanation as to how damages are computed:** The parties seek both declaratory and monetary relief through the Second Amended Complaint, the Fourth Amended Third Party Complaint and various cross-claims and counter-claims which were deemed filed pursuant to Stipulations and Orders filed on August 3, 2011, October 27, 2011 and November 14, 2011. The parties seek reimbursement and contribution of the amounts spent thus far on investigative costs (over $1,000,000) as well as an allocation of future investigative costs and remedial measures (to be determined) under CERCLA. The parties also seek monetary damages for nuisance and negligence.

6. **Status of discovery (including any limits or cutoff dates):** Since September 2008, discovery has been stayed, including initial disclosures, so that the parties could engage in mediation. These parties have been mediating this matter with Timothy Gallagher, Esq., along with other potentially responsible parties, and are continuing to do so, while simultaneously working cooperatively as a group to respond to the RWQCB's directives and requirements. Indeed, Plaintiff and Defendants, with the exception of Grubb & Ellis Realty Income Trust, Liquidating Trust, have

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

057671\5883439v1

- 4 -

JOINT CASE MANAGEMENT STATEMENT

thus far spent over $1,000,000 since March 2008 in their response efforts: including jointly hiring a project manager and technical consultant; directing investigative measures and submitting a final technical investigative report; submitting a work plan, directing work thereunder and submitting a remedial investigation report with technical findings and proposed remedial alternatives; submitting a remedial action plan; and coordinating among the various regulatory agencies. The responding parties submitted a revised final remedial action plan to the RWQCB for approval on September 30, 2013. The parties have also finalized a settlement among them, which is contingent upon a settlement in another state court case involving one of the defendants in this action. A settlement in the state court has also been reached. Both settlements are in the process of being signed. Both settlements are also contingent on being approved by their respective courts as good faith settlements under California law. Motions seeking court approval of these two settlements will be filed in the coming weeks.

7. **Procedural history of the case including previous motions decided and/or submitted, ADR proceedings or settlement conferences scheduled or concluded, appellate proceedings pending or concluded, and any previous referral to a magistrate judge:** As described above, the parties have been mediating among themselves before Timothy Gallagher, Esq. This case was initially referred to Magistrate Judge Chen but then transferred to Judge Patel on April 2, 2010 and then reassigned to Judge Chen on June 6, 2011. Motions previously decided in this case consist of:

   a. Application for good faith settlement determination by Plaintiff Palmtree Acquisition Corporation and Defendant Northrop Grumman Systems Corporation, granted October 4, 2010.

   b. Motion to dismiss the First Amended Third Party Complaint by Third Party Defendant Melinda Ellis Evers, Successor Trustee of the Harold A. Ellis, Jr. Revocable Inter Vivos Trust, granted without prejudice on October 4, 2010.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

057671\5883439v1

- 5 -

JOINT CASE MANAGEMENT STATEMENT

   c. Motion to dismiss the Second Amended Third Party by Third Party Defendant Melinda Ellis Evers, Successor Trustee of the Harold A. Ellis, Jr. Revocable Inter Vivos Trust, granted with prejudice on February 11, 2011.

   d. Motion to dismiss one cause of action from the Third Amended Third Party Complaint, or in the alternative, for a more definite statement by Third Party Defendant Dorothy Anderson, granted without prejudice on August 4, 2011.

   e. Motion to dismiss the Fourth Amended Third Party Complaint by Third Party Defendant Dorothy Anderson, denied on October 24, 2011.

   f. Stipulation and order of good faith settlement determination as to the Neely parties, signed January 1, 2013.

  8. **Other deadlines in place (before reassignment), including those for dispositive motions, pretrial conferences, and trials:** None.

  9. **Any requested modification of these dates and reason for the request:** None.

  10. **Whether the parties will consent to a magistrate judge for trial:** The parties to this Joint Case Management Conference Statement do not consent to a magistrate judge for trial.

  11. **Whether Judge Chen has previously conducted a settlement conference in this case, and if so, whether the parties stipulate to him handling this case for trial pursuant to ADR Local Rule 7-2 or request his recusal:** Judge Chen has not previously conducted a settlement conference in this case.

  12. **If there exists an immediate need for a case management conference to be scheduled in the action:** As noted above, the parties have reached a settlement and plan to file a motion shortly seeking this Court's approval of the settlement as one having been made in good faith under California Code of Civil Procedure sections 877 and 877.6. Under the terms of the settlement, once it is final, this action will be dismissed. That could happen as early as January or February 2014.

Therefore, there is no immediate need for a case management conference to be scheduled. The parties propose the scheduling of a further case management conference in June 2014 in the event the action has not been dismissed by that time.

Dated: December 12, 2013                    Cox, Castle & Nicholson, LLP

                                            By:   /s/ Peter Morrisette
                                                  Peter Morrisette
                                                  Attorneys for Plaintiff Palmtree
                                                  Acquisition Corporation, a Delaware
                                                  corporation f/k/a Catellus Development
                                                  Corporation

Dated: December 12, 2013                    GONSALVES & KOZACHENKO

                                            By:   /s/ Paul Kozachenko
                                                  Paul Kozachenko
                                                  Attorneys for Defendant & Third Party
                                                  Plaintiff Stark Investment Company, a
                                                  California limited partnership

Dated: December 12, 2013                    The Costa Law Firm

                                            By:   /s/ Daniel P. Costa
                                                  Daniel P. Costa
                                                  Attorneys for Defendant & Third Party
                                                  Plaintiff Stark Investment Company, a
                                                  California limited partnership

Dated: December 12, 2013                    Claytor Law Group

                                            By:   /s/ James D. Claytor
                                                  James D. Claytor
                                                  Attorneys for Defendant Western State
                                                  Design, a California corporation

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

057671\5883439v1                            - 7 -
                        JOINT CASE MANAGEMENT STATEMENT

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: December 12, 2013 | BASSI, EDLIN, HUIE & BLUM LLP |
| 3 | | By: /s/ Farheena Habib |
| 4 | | Farheena Habib<br>Attorneys for Defendants Michael R. |
| 5 | | Neely, Perry J. Neely, and Gary Neely,<br>dba Mike's One Hour Cleaners |

Dated: December 12, 2013    Dongell Lawrence Finney, LLP

By: /s/ Thomas A. Vandenberg
Thomas A. Vandenberg
Attorneys for Defendant & Third Party
Plaintiff The Kirrberg Corporation f/k/a
Multimatic Corporation

Dated: December 12, 2013

Rogers Joseph O'Donnell

By: /s/ D. Kevin Shipp
D. Kevin Shipp
Attorneys for Defendant Charles
Frederick Hartz, dba Paul's Sparkle
Cleaners

Dated: December 12, 2013    Gordon, Watrous, Ryan, Langley, Bruno & Paltenghi

By: /s/ Bruce C. Paltenghi
Bruce C. Paltenghi
Attorneys for Defendant McCorduck
Properties Livermore, LLC, a Delaware
limited liability company; John
McCorduck; Kathleen McCorduck;
Pamela McCorduck; and Sandra
McCorduck Marona

Dated: December 12, 2013    Stanzler Law Group

By: /s/ Jordan S. Stanzler
Jordan S. Stanzler
Attorneys for Defendant IMA Financial
Corporation, a California corporation

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

057671\5883439v1

- 8 -

JOINT CASE MANAGEMENT STATEMENT

Dated: December 12, 2013                    Paladin Law Group LLP

                                            By:  /s/ John Till
                                                 John Till
                                                 Attorneys for Third Party Defendant
                                                 Dorothy Anderson, Trustee of the
                                                 Anderson Marital Trust and The Anderson
                                                 Tax Deferral Trust

Filer's Attestation: Pursuant to Local Rule 5-1(i), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from its signatories.

DATED: December 12, 2013                    Respectfully submitted,


                                            /s/ Peter Morrisette
                                            Peter Morrisette

```
It is so ordered that the CMC is reset from 12/19/13 to 3/27/14
at 9:00 a.m.  A joint CMC Statement shall be filed by 3/20/14.
_____
Edward M. Chen
U.S. District Judge
```

GRANTED
Judge Edward M. Chen
UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
SAN FRANCISCO

057671\5883439v1                            - 9 -

JOINT CASE MANAGEMENT STATEMENT